Jacob A. Gillick, SBN 312336
jgillick@PHGLawGroup.com
PHG Law Group
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone: (619) 826-8060
Facsimile: (619) 826-8065

Attorneys for Defendant Zeetogroup, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZEETOGROUP, LLC,<br><br>Defendants. | Case No. 22CV1184 JLS AHG<br><br>**DEFENDANT ZEETOGROUP, LLC'S ANSWER TO COMPLAINT FOR:**<br><br>**1. Breach of Written Contract**<br>**2. Breach of Implied Covenant of Good Faith and Fair Dealing**<br>**3. Unfair Competition Law [Business and Professions Code § 17200 *et seq.*]**<br><br>**AND DEMAND FOR JURY TRIAL**<br><br>Dept: 4D<br>Judge: Hon. Janis L. Sammartino |

1. In responding to paragraph 1 of the Complaint herein, Defendant lacks sufficient information to either admit or deny the allegations.

2. In responding to paragraph 2 of the Complaint herein, Defendant admits the allegations.

3. In responding to paragraph 3 of the Complaint herein, Defendant admits the allegations.

4. In responding to paragraph 4 of the Complaint herein, Defendant admits the allegations.

5. In responding to paragraph 5 of the Complaint herein, Defendant lack sufficient information to either admit or deny the allegations.

6. In responding to paragraph 6 of the Complaint herein, Defendant denies the allegations as them vague and incomplete.

7. In responding to paragraph 7 of the Complaint herein, Defendant denies the allegations with regards to the services performed as vague and incomplete. Defendant admits to executing the Agreement.

8. In responding to paragraph 8 of the Complaint herein, Defendant denies the allegations as the Agreement is incorrectly quoted.

9. In responding to paragraph 9 of the Complaint herein, Defendant admits that it has withheld payments.

10. In responding to paragraph 10 of the Complaint herein, Defendant admits the allegations.

11. In responding to paragraph 11 of the Complaint herein, Defendant denies that it breached any agreement and owes any amount.

12. In responding to paragraph 12 of the Complaint herein, Defendant is unable to either admit or deny the allegation.

13. In responding to paragraph 13 of the Complaint herein, Defendant denies the allegations as incomplete and vague.

///

14. In responding to paragraph 14 of the Complaint herein, Defendant denies the allegations.

15. In responding to paragraph 15 of the Complaint herein, Defendant denies that it has failed any obligation but admits that it has refused to tender performance.

16. In responding to paragraph 16 of the Complaint herein, Defendant denies that it has any obligation to pay Plaintiff and that Plaintiff was damaged.

17. In responding to paragraph 17 of the Complaint herein, Defendant denies the allegations.

18. In responding to paragraph 18 of the Complaint herein, Defendant is unable to either admit or deny the allegation.

19. In responding to paragraph 19 of the Complaint herein, Defendant denies the allegations.

20. In responding to paragraph 20 of the Complaint herein, Defendant denies the allegations.

21. In responding to paragraph 21 of the Complaint herein, Defendant denies the allegations.

22. In responding to paragraph 22 of the Complaint herein, Defendant is unable to either admit or deny the allegation.

23. In responding to paragraph 23 of the Complaint herein, Defendant denies the allegations.

24. In responding to paragraph 24 of the Complaint herein, Defendant denies the allegations.

25. In responding to paragraph 25 of the Complaint herein, Defendant denies the allegations.

26. In responding to paragraph 26 of the Complaint herein, Defendant denies the allegations.

///

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

27. <u>Failure to State a Cause of Action</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant is informed and believes, and thereon alleges, that the Complaint and each and every purported cause of action therein, fails to state facts or other allegations sufficient to constitute any cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

28. <u>Lack of Good Faith.</u> As a separate and distinct affirmative defense to the Complaint on file herein, Defendant is informed and believes, and thereon alleges, that the Complaint filed by Plaintiff was brought without reasonable care and without a good faith belief that there was a justifiable controversy under the facts and the law which warranted the filing of the Complaint against Defendant, and that Plaintiff should, therefore be responsible for all of Plaintiff's necessary and reasonable defense costs, including attorney's fees, as more particularly set forth in California Code of Civil Procedure section 1038 and/or section 128.7.

## THIRD AFFIRMATIVE DEFENSE

29. <u>Comparative Negligence/Fault</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant is informed and believes, and thereon alleges, that at all times mentioned herein Plaintiff was negligent, careless, reckless, and unlawfully conducted itself as to directly and proximately contribute to the happening of the incident and the occurrence of claimed damages, all of which said negligence bars either completely or partially the damages sought herein.

///
///
///
///

**FOURTH AFFIRMATIVE DEFENSE**

30. <u>Unjust Enrichment</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant is informed and believes, and thereon alleges, that if Plaintiff is allowed recovery on the basis of the Complaint, Defendant will be unjustly enriched at Defendant's expense.

**FIFTH AFFIRMATIVE DEFENSE**

31. <u>Estoppel</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant is informed and believes, and thereon alleges, that Plaintiff has engaged in conduct and activities with respect to the promissory notes and occurrences which are the subject of the Complaint and, by reason of these activities, has prejudiced Defendant such that Defendant is estopped from asserting any claim for damages or seeking any other relief against Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

32. <u>Unclean Hands</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that Plaintiff's claims are barred in whole or part by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

33. <u>Excuse.</u>  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant allege, without admitting the truth of any of the allegations in the Complaint, and specifically denying the same.  Defendant is informed and believes, and thereupon alleges, that to the extent that Plaintiff alleges any breach, default, or failure to perform on the part of the Defendant under any agreement between the parties, or otherwise, the fact of which is expressly denied, then such breach, default, or failure to perform was legally excused and discharged for reasons including but not limited to the material breach, default, or failure to perform on the party of the Plaintiff under such agreement, or otherwise.

/ / /

/ / /

## EIGHTH AFFIRMATIVE DEFENSE

34. <u>Laches</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

35. <u>Punitive Damages are Barred</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges Plaintiff's claim for punitive damages are barred because the facts as stated do not support a finding of malicious, oppressive, or fraudulent conduct.

## TENTH AFFIRMATIVE DEFENSE

36. <u>Punitive Damages are Barred on Procedural Grounds</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges Plaintiff's claim for punitive damages are barred because the applicable law provides insufficient procedural safeguards for an award of such damages and therefore violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and Section 7 and 16 of Article 1 of the Constitution of the State of California.

## ELEVENTH AFFIRMATIVE DEFENSE

37. <u>Willful Misconduct</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that the damages complained by Plaintiff, if any, were solely caused by the willful acts of the Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

38. <u>Abuse of Process</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Plaintiff's claims against Defendant is barred due to the abuse of process.

## THIRTEENTH AFFIRMATIVE DEFENSE

39. <u>Malicious Prosecution</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges Plaintiff's claims against

Defendant is barred because Plaintiff has no facts to support the claims made against Defendant. Plaintiff's prosecution of Defendant is malicious.

## FOURTEENTH AFFIRMATIVE DEFENSE

40. <u>Statute of Limitations</u>. As a separate and distinct affirmative defense to the Complaint on file herein. Defendant is informed and believes, and thereon alleges, that the causes of action set forth in the Complaint are barred by the statute of limitations, including but not limited to, sections 337, 337.1, 337.15, 338, 339 340, 343, and 359 of the California Code of Civil Procedure.

## FIFTEENTH AFFIRMATIVE DEFENSE

41. <u>Waiver</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant is informed and believes, and thereon alleges, that the Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, negligence, or any other conduct, if any, set forth in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

42. <u>Truth</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant is informed and believes, and thereon alleges, that the statements alleged in the Complaint are not false.

## SEVENTEENTH AFFIRMATIVE DEFENSE

43. <u>Failure of Condition Precedent</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Plaintiff is barred from recovery because they failed to perform the condition precedent upon which the promise was made.

## EIGHTEENTH AFFIRMATIVE DEFENSE

44. <u>Prior Breach</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Plaintiff breached its promise at issue in a material way prior to the alleged conduct by Defendant. A party to an existing valid and enforceable contract/promise cannot enforce that contract/promise if that party itself breached in a material way.

**NINETEENTH AFFIRMATIVE DEFENSE**

45. <u>Fraud</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Plaintiff fraudulently, by misrepresentation of material facts, convinced Defendant to enter into a contract/promise. Due to this fraudulent misrepresentation of material fact, Plaintiff cannot enforce or benefit from the gains of the contact/promise.

**TWENTIETH AFFIRMATIVE DEFENSE**

46. <u>No Causation</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that if Plaintiff has suffered any loss, damage, or injury, which is expressly denied, such loss, damage, or injury was not caused, either legally or proximately, by any act or omission of this answering Defendant.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

47. <u>Failure to Mitigate</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Plaintiff has failed to exercise reasonable care and diligence to avoid and minimize damages, and may not recover for losses that could have been prevented by reasonable efforts on Plaintiff's part. Therefore, Plaintiff's recovery, if any, should be reduced by the amount of damages that could or should have been mitigated or avoided.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

48. <u>Uncertainty</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that the causes of action in said Complaint, and each of them, are uncertain and ambiguous as to Plaintiff's claims for damages against this answering Defendant.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

49. <u>Intervening, Supervising, and Superseding Cause</u>. As a separate and distinct affirmative defense to the Complaint on file herein, injuries and damages of Plaintiff were legally caused or contributed to by the acts of other persons and/or

other entities. Said act were intervening, supervising, and superseding causes of the injuries and damages, if any, of which Plaintiffs complain, thus barring Plaintiff from recovering against this answering Defendant.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

50. <u>Contribution</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that the damages suffered by Plaintiff, if any, were the direct and proximate result of the negligence of the parties, persons, corporations, and/or entities other than this answering Defendant, and the liability of this answering Defendant, if any, is limited in direct proportion to the percentage of fault actually attributable to this answering Defendant in accordance with Civil Code section 1431.2(a).

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

51. <u>Code of Civil Procedure Section 128.7</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that the Complaint is unsupported by law or fact and was filed in bad faith and solely for the purpose of harassing and annoying this answering Defendant. Therefore, this answering Defendant is entitled to recover their reasonable expenses, including attorney fees, incurred by them in defending this action, pursuant to Code of Civil Procedure 128.7, and/or any other similar laws.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

52. <u>Mistake of Fact</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that the causes of action in said Complaint, and each of them, are due to a genuine mistake of fact. Plaintiff should accordingly be barred from recover against this answering Defendant by mistake of fact defense.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

53. <u>Assumption of Risk</u>. As a separate and distinct affirmative defense to the Complaint on file herein, this answering Defendant is informed and believes

and thereon alleges that at all times alleged in the Complaint, Plaintiff knew of the alleged behavior and Plaintiff voluntarily assumed the risk and this assumption of said risk was the proximate cause of the alleged injuries and damages to Plaintiff. Plaintiff had actual knowledge of the particular danger; knew and understood the degree of risk involved, and thereafter, voluntarily assumed such risk. Plaintiff, therefore, are barred from asserting any right to relief under their Complaint or any right to relief under any purported cause or causes of action based on this voluntary assumption of risk.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

54. <u>Additional Defenses.</u> As a separate and distinct affirmative defense to the Complaint on file herein, Defendant presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, yet unasserted, affirmative defenses. Defendant, therefore, reserves its right to assert additional affirmative defenses in the event additional investigation and/or discovery indicates it would be appropriate.

## JURY DEMAND

55. Defendant hereby demand a jury trial.

Respectfully submitted,

**PHG Law Group**

Dated: September 7, 2022

*s/ Jacob A. Gillick*
Jacob A. Gillick, Esq.
jgillick@PHGLawGroup.com
Attorneys for Defendant Zeetogroup, LLC