Mark E. Ellis - 127159
Omid Shabani - 267447
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA  95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
oshabani@ellislawgrp.com

Attorneys for Plaintiff DIGITAL MEDIA SOLUTIONS, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ZEETOGROUP, LLC,<br><br>    Defendant. | Case No.:  22CV01184 JLS-AHG<br><br>**PLAINTIFF DIGITAL MEDIA SOLUTIONS' OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>**DATE:   November 3, 2022**<br>**TIME:    1:30 p.m.**<br>**DEPT:    4D**<br>**HON. JANIS L. SAMMARTINO** |

Plaintiff DIGITAL MEDIA SOLUTIONS, LLC hereby objects, pursuant to Federal Rule of Civil Procedure 56(c)(2), to the following evidence presented by moving party Defendant ZEETOGROUP, LLC in connection with its motion for summary judgment, set for hearing on November 3, 2022, before this Court:

(1) Declaration of Stephan Goss in Support of the Motion for Summary Judgment, dated September 8, 2022, page 2, paragraph 7, lines 20-23:

> "DMS supplying ***fraudulent*** traffic to ZAN caused direct harm to Zeeto as well as its advertisers thereby putting Zeeto in jeopardy of sullying its reputation which is based on selling high quality advertising space; free

- 1 -
_____
PLAINTIFF DIGITAL MEDIA SOLUTIONS OBJECTIONS TO DEFENDANT'S
EVIDENCE IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
22cv01184

> of fraudulent traffic." [emphasis added]

Plaintiff objects to this evidence on the grounds that it lacks foundation and lacks personal knowledge. Federal Rule of Evidence ("FRE") 602. This evidence is also objected to on the grounds that it constitutes an improper legal conclusion. Fed. R. Evid. 701; *Evangelista v. Inlandboatmen's Union of Pacific*, 777 F.2d 1390, 1398 n.3 (9th Cir. 1985) (a lay witness may not testify as to a legal conclusion).

    a. Sustained.

    b. Overruled.

(2) Declaration of Stephan Goss in Support of the Motion for Summary Judgment, dated September 8, 2022, page 3, paragraph 11, lines 7-9:

> "Anura is so well trusted in the industry, that DMS itself also used Anura to monitor traffic it was purchasing, clearly showing that Anura is a trusted third party by everyone, even DMS."

Plaintiff objects to this evidence on the ground that it lacks foundation and personal knowledge. Fed. R. Evid. 104, 602.

    a. Sustained.

    b. Overruled.

(3) Declaration of Stephan Goss in Support of the Motion for Summary Judgment, dated September 8, 2022, page 3, paragraph 12, lines 10-11:

> "Attached hereto as Exhibit 2 is an Anura report run from April 1, 2021, through June 30, 2021, of DMS's traffic through the ZAN platform."

Plaintiff objects to this evidence on the grounds that it lacks foundation and lacks personal knowledge. Fed. R. Evid. 602. The evidence is inadmissible hearsay not within a recognized exception. Fed. R. Evid. 801-804. The document lacks authentication. Fed. R. Evid. 901; *Beyene vs. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1191 (9th Cir. 1988) (unauthenticated documents cannot be considered in a motion for summary judgment).

    a. Sustained.

    b. Overruled.

PLAINTIFF DIGITAL MEDIA SOLUTIONS OBJECTIONS TO DEFENDANT'S
EVIDENCE IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
22cv01184

(4) Declaration of Stephan Goss in Support of the Motion for Summary Judgment, dated September 8, 2022, page 3, paragraph 13, lines 12-13:

> "Attached hereto as Exhibit 3 is an Anura report run from July 1, 2021, through September 30, 2021."

Plaintiff objects to this evidence on the grounds that it lacks foundation and lacks personal knowledge. Fed. R. Evid. 602. The evidence is inadmissible hearsay not within a recognized exception. Fed. R. Evid. 801-804. The document lacks authentication. Fed. R. Evid. 901; *Beyene, supra,* 854 F.2d at 1191 (unauthenticated documents cannot be considered in a motion for summary judgment).

a. Sustained.

b. Overruled.

(5) Declaration of Stephan Goss in Support of the Motion for Summary Judgment, dated September 8, 2022, page 3, paragraph 14, lines 14-18:

> "Zeeto does not dispute that DMS sent traffic during the months in question. However, it used its authority to withhold payments while it investigated ***possible fraud. Zeeto also does not dispute that if the traffic had been free of fraud (as determined by Zeeto), then Zeeto would owe $944,176.27. Zeeto has discovered fraud and in its own discretion refuses to compensate DMS for fraud."*** [emphasis added]

Plaintiff objects to this evidence on the grounds that it is argumentative and constitutes an improper legal conclusion. Fed. R. Evid. 701; *Evangelista, supra,* 777 F.2d at 1398 n.3 (a lay witness may not testify as to a legal conclusion). Plaintiff further objects to this evidence on the grounds that it lacks foundation. Fed. R. Evid. 602.

a. Sustained.

b. Overruled.

(6) Declaration of Stephan Goss in Support of the Motion for Summary Judgment, dated September 8, 2022, page 4, paragraph 15, lines 1-6:
> "Zeeto is explicitly named by the agreement as to who makes the determination of if there was fraudulent traffic. Zeeto, in its 'sole

- 3 -

> discretion' determines if there had been a violation of section 3(d). Zeeto, in its sole discretion, has determined that there was fraudulent traffic and therefore withheld payment during investigation before eventually deciding not to pay for the fraudulent traffic."

Plaintiff objects to this evidence on the grounds that it is argumentative and constitutes an improper legal conclusion. Fed. R. Evid. 701; *Evangelista, supra,* 777 F.2d at 1398 n.3 (a lay witness may not testify as to a legal conclusion). Plaintiff further objects to this evidence on the grounds that it lacks foundation. Fed. R. Evid. 602. Plaintiff also objects to this evidence on the ground that the Agreement is the "Best Evidence" to prove its content and language; not Mr. Goss' interpretation. Fed. R. Evid. 1002.

(7) <u>Exhibit 2</u> attached to the Declaration of Stephan Goss:

Plaintiff objects to this evidence on the grounds that it lacks foundation and lacks personal knowledge. Fed. R. Evid. 602. The evidence is inadmissible hearsay not within a recognized exception. Fed. R. Evid. 801-804. The document lacks authentication. Fed. R. Evid. 901; *Beyene, supra,* 854 F.2d at 1191 (unauthenticated documents cannot be considered in a motion for summary judgment).

   a. Sustained.

   b. Overruled.

(8) <u>Exhibit 3</u> attached to the Declaration of Stephan Goss:

Plaintiff objects to this evidence on the grounds that it lacks foundation and lacks personal knowledge. Fed. R. Evid. 602. The evidence is inadmissible hearsay not within a recognized exception. Fed. R. Evid. 801-804. The document lacks authentication. Fed. R. Evid. 901; *Beyene, supra,* 854 F.2d at 1191 (unauthenticated documents cannot be considered in a motion for summary judgment).

   a. Sustained.

   b. Overruled.

(9) <u>Entire Declaration of Stephan Goss</u>:

Plaintiff objects to admissibility of the entire Declaration of Stephen Goss, on the

- 4 -

PLAINTIFF DIGITAL MEDIA SOLUTIONS OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
22cv01184

ground that it does not conform with the requirements of a declaration in lieu of affidavit. 28 U.S.C. § 1746; Fed. R. Civ. Pro. 56(c)(4).  Specifically, the oath under Declaration of Mr. Stephan Goss is not in conformity with the provisions of 28 U.S.C. § 1746, because the oath is "under penalty of perjury under the laws of **The United States of California**…" (Declaration of Stephan Goss, p. 4:7-9 (emphasis added).) This blatant error in the oath renders the entire declaration of Stephan Goss improper and inadmissible, pursuant to 28 U.S.C. § 1746.

   a. Sustained.

   b. Overruled.

      Plaintiff will respectfully request the Court at the hearing on the motion to sustain the above objections and to strike the evidence referred to above.

Dated: October 20, 2022        ELLIS LAW GROUP, LLP


By */s/ Omid Shabani*
Omid Shabani
Attorney for Plaintiff
DIGITAL MEDIA SOLUTIONS, LLC

- 5 -

PLAINTIFF DIGITAL MEDIA SOLUTIONS OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

22cv01184