Mark E. Ellis – 127159
Omid Shabani - 267447
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA 95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
oshabani@ellislawgrp.com

Attorneys for Plaintiff DIGITAL MEDIA SOLUTIONS, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ZEETOGROUP, LLC,<br><br>    Defendant. | Case No.: 22-CV-01184 JLS-AHG<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

Plaintiff DIGITAL MEDIA SOLUTIONS, LLC ("Plaintiff") and Defendant ZEETOGROUP, LLC ("Defendant"), the parties to the above-entitled action (collectively, "Parties") jointly submit this Joint Case Management Statement pursuant to the Notice And Order Setting Early Neutral Evaluation Conference And Case Management Conference Via Videoconference (ECF Doc. No. 5).

1. **Jurisdiction and Service**

    The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. All parties have been served.

2. **Facts**

    A.  **Plaintiffs' Statement**

    Plaintiff Digital Medial Solutions, LLC brings this breach of written contract and

- 1 -

unfair competition law (California Business and Professions Code § 17200, *et seq.*) to recovery monies owed by defendant Zeetogroup, LLC to Plaintiff, pursuant to the parties' agreement, in the amount of approximately $944,176.27, plus interest thereon, which defendant refuses to tender or otherwise perform, in breach of the parties' agreements.

The parties first entered into contract in or about February of 2015 by signing the "Internet Advertising Agreement," which was modified in writing by an addendum thereto, in or about April 2015. The parties have had an ongoing business relationship since 2015, with multiple additional agreements, including, but not limited to, defendant Zeetogroup's advertiser terms of service and publisher terms of service, which were executed in or about August of 2018.

In or about early 2022, defendant Zeetogroup, LLC breached the agreements by refusing to tender the revenue sharing amounts due to plaintiff Digital Media Solutions, LLC, pursuant to the August 23, 2018 agreement, which contains a revenue sharing provision for payments to be made to plaintiff Digital Media Solutions, on a "net 30 basis."

**B.     Zeeto's Statement**

Defendant Zeetogroup, LLC ("Zeeto") owns and operates the Zeeto Ad Network ("ZAN") which allows publishing companies like Plaintiff Digital Media Solutions, LLC ("DMS") to place Zeeto technology on their website to display ads, for which Plaintiff gets paid. Zeeto sells the ad space to advertisers which generates revenue, a portion of the revenue is paid to the publisher, in this case DMS. Zeeto has an excellent reputation for providing high quality traffic free of fraud to our advertisers and prides itself on this reputation. To ensure that publishers are incentivized to not engage in any deceptive practices, Zeeto has implemented contractual safeguards, including the right to not make payment in the event of fraud.

In July to September 2021, DMS breached the agreement with Zeeto by sending fraudulent traffic through ZAN. Zeeto, using third party technology to monitor publishers, caught this misconduct and in accordance with the agreement, elected not to

pay DMS. DMS signed the agreement knowing what the consequences of sending fraudulent traffic would be yet still decided to engage in deceptive practices to maximize its profits. DMS brazenly implemented fraudulent practices and is now "doubling down" on their actions through this meritless lawsuit filed for the sole purpose of harassing Zeeto.

Zeeto is free of any obligation to pay the damages alleged because of the fraudulent traffic. Not making payment is Zeeto simply acting on its contractual rights in response to said fraudulent traffic.

3. **Legal Issues**

    A. **Plaintiffs' Statement**

Main legal issue is whether Defendant Zeetogroup, LLC's performance under the revenue sharing provision of the August 23, 2018 Agreement was excused. Defendant Zeetogroup, LLC takes the position that its performance was excused due to alleged "bad traffic" from Digital Media Solutions, LLC's advertisements. Plaintiff disputes this allegation and contends that the parties have been performing according to the contract as well as their course of conduct, constituting a binding contract and therefore, defendant's performance was not excused and nonperformance not justified.

    B. **Zeeto's Statement**

Zeeto contends that the agreement between the parties is valid and enforceable. This includes the provisions which allow Zeeto to determine fraud and refuse payment. Despite no requirement to do so, Zeeto has also acquired third party verifications evidencing DMS's fraud.

4. **Motions**

There is currently pending a motion for summary judgment before the Court [Dkt. 6], brought by defendant Zeetogroup, LLC, set to be heard on November 3, 2022.

5. **Amendment of Pleadings**

No amended pleadings have been filed.

////

6. **Evidence Preservation**

The parties have reviewed the Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information ("ESI"), and have met and conferred as to the items on that list. Parties have agreed to preserve all ESI. The parties do not anticipate any issues with respect to ESI in this case.

7. **Disclosures**

Initial Disclosure are scheduled to be served on October 20, 2022, which has taken place.

8. **Discovery**

   A. **Plaintiffs' Statement**

   Plaintiff intends to conduct discovery, including, but not limited to, written discovery and depositions of defendant's witnesses.

   B. **Zeeto's Statement**

Zeeto intends on conducting all forms of discovery and waives no method.

9. **Related Cases**

*Zeeto v. Digital Media Solutions, LLC*, case no. 3:22-cv-01396 JLS AHG, venued in Southern District Court for the State of California.

10. **Relief**

   A. **Plaintiffs' Statement**

   Plaintiff Digital Media Solutions, LLC seeks compensatory damages in the amount of $944,176.27, plus interest thereon, pursuant to the Agreement and contract of the parties. Alternatively, Plaintiff seeks the same amount in disgorgement, pursuant to provisions of California Business and Professions Code § 17200 *et seq.*, otherwise known as the Unfair Competition Law ("UCL).

   B. **Zeeto's Statement**

   Zeeto seeks a ruling that the Agreement between the parties is valid and enforceable, thereby denying DMS's claim.

////

11. **Settlement and ADR**

The parties have engaged in settlement discussions before filing the instant action. This case is currently set for Early Neutral Evaluation. The Parties are amenable to Alternative Dispute Resolution options.

12. **Consent to Magistrate Judge For All Purposes**

The Parties do not consent to trial before Magistrate Judge Goddard. The parties do not request a different Magistrate, other than Judge Goddard, to handle the Early Neutral Evaluation Conference and all matters leading up to trial.

13. **Other References**

The Parties do not request other references at this time.

14. **Narrowing of Issues**

The Parties have met and conferred in order to narrow the issues by agreeing to preservation of evidence. The parties do not foresee a need for bifurcation of the trial, at this time, but reserve their right to do so as the case proceeds, if necessary.

15. **Expedited Trial Procedure**

The Parties agree that this action cannot proceed on an expedited basis.

16. **Scheduling**

Proposed Dates:

Expert Disclosures: Per Code

Discovery and Motion Cut-Off: October 30, 2023

Pretrial Conference: January 2024

Trial: February 2024

17. **Trial**

DMS requests a jury trial. Zeeto requests a bench trial. The parties expect the trial to be concluded within 5 court days.

18. **Disclosure of Non-party Interested Entities or Persons**

The Parties have complied with Civil Local Rule 3-15 by filing a Certification of Interested Entities or Persons.

19. **Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Southern District of California.

20. **Class Action:** This case is not a class action.

21. **Patent Cases:** This case does not involve a patent or other intellectual property infringement claim.

22. **Other Matters:** The Parties do not presently anticipate any other matters.

Dated: October 21, 2022

ELLIS LAW GROUP LLP

By /s/ Omid Shabani
Omid Shabani
Attorney for Plaintiff
DIGITAL MEDIA SOLUTIONS, LLC

Dated: October 21, 2022

PHG LAW GROUP

By /s/ Jacob Gillick
Jacob A. Gillick
Attorney for Defendant
ZEETOGROUP, LLC

# CERTIFICATE OF SERVICE

I, Jennifer Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 1425 River Park Drive, Suite 400, Sacramento, CA 95815.

On October 21, 2022, I served the following document(s) on the parties in the within action:

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

| X | **VIA ELECTRONIC SERVICE**: The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
|---|---|

| Jacob A. Gillick<br>PHG Law Group<br>501 W. Broadway<br>Suite 1480<br>San Diego, CA 92101 | Attorneys for<br>Defendant Zeetogroup, LLC |
|---|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct statement and that this Certificate was executed on October 21, 2022.

By _____
Jennifer Mueller