UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ZEETOGROUP, LLC,<br><br>　　　　　　　　　　Defendant. | Case No.: 22-CV-1184 JLS (AHG)<br><br>**ORDER (1) DISMISSING CASE WITHOUT PREJUDICE FOR LACK OF SUBJECT-MATTER JURISDICTION; (2) OVERRULING PLAINTIFF'S EVIDENTIARY OBJECTIONS; AND (3) DENYING AS MOOT MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 1, 6, 7, 17) |

Presently before the Court is Plaintiff Digital Media Solutions, LLC's Complaint ("Compl." ECF No. 1). Plaintiff contends that this Court has subject-matter jurisdiction over the case under 28 U.S.C. § 1332, Compl. at 2, otherwise known as "diversity jurisdiction." Plaintiff's Complaint, however, did not present the Court with enough information to determine whether diversity jurisdiction exists. *See generally* ECF No. 7 (the "Order" or "OSC"). On September 15, 2022, the Court ordered Plaintiff to show cause

/ / /

/ / /

as to why subject-matter jurisdiction existed. *See generally id*. Plaintiff filed a Response to the Order ("Response," ECF No. 8), and Defendant Zeetogroup, LLC filed a Reply[1] to Plaintiff's Response ("Reply," ECF No. 9). Plaintiff then filed an Objection to Defendant's Reply ("Obj.," ECF No. 17). Having considered the Parties' arguments and the law, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

## BACKGROUND

Plaintiff and Defendant Zeetogroup, LLC are limited liability companies ("LLCs") that provide digital advertising services. Compl. ¶¶ 5–6. Plaintiff alleges that on August 23, 2018, Plaintiff and Defendant "entered into a written contract . . . , whereby the parties agreed that [Plaintiff] would manage its general consumer website using [Defendant's] ad-serving technology." *Id*. ¶ 7. Part of the agreement, according to Plaintiff, was to share revenue earned through Defendant's monetization of Plaintiff's online traffic. *Id*. ¶ 8. Plaintiff claims that both parties performed under the agreement for about three years, but Defendant then withheld $944,176.27 owed to Plaintiff for revenue that Plaintiff generated using Defendant's platform between July and September of 2021. *Id*. ¶¶ 9–10. Plaintiff filed the Complaint on August 12, 2022, asserting state law causes of action for breach of contract, breach of the implied duty of good faith and fair dealing, and violation of California's unfair competition law. *Id*. ¶¶ 12–26.

Plaintiff claims the Court has subject-matter jurisdiction over this case on the basis of diversity jurisdiction. *Id*. ¶ 3. As discussed in further detail below, for one LLC to sue another LLC, the members of each LLC must be completely diverse for a court to exercise subject-matter jurisdiction over the case. *See Johnson v. Columbia Properties Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006). Here, both Plaintiff and Defendant are LLCs, but Plaintiff's Complaint provided no information on the citizenship of each LLC's members. *See generally* Compl. Noting this deficiency, the Court ordered Plaintiff to show cause as

---

[1] Defendant captioned this filing as a "Response" to Plaintiff's Response. The Court will refer to Defendant's filing as a "Reply" for clarity.

to why diversity jurisdiction existed over this matter. *See generally* OSC. Both parties responded to the OSC, with Plaintiff alleging complete diversity between the members and Defendant objecting. *See generally* Response; Reply.

## LEGAL STANDARD

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Federal courts are "presumed to lack subject matter jurisdiction in a particular case unless the contrary affirmatively appears." *Cohen v. Syme*, 120 F. App'x 746 (9th Cir. 2005). If a district court lacks subject-matter jurisdiction over an action, the action must be dismissed. Fed. R. Civ. P. 12(h)(3).

District courts have "original jurisdiction" over civil actions where the amount in controversy exceeds $75,000 and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). "The party seeking to invoke federal jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that grounds for diversity exist, that diversity is complete, and its claim is supported with 'competent proof' by a preponderance of the evidence." *Baja Devs. LLC v. Loreto Partners*, No. CV-09-756-PHX-LOA, 2010 WL 1758242, at *2 (D. Ariz. Apr. 30, 2010), *report and recommendation adopted sub nom. Baja Devs. LLC v. TSD Loreto Partners*, 2010 WL 2232196 (June 3, 2010); *see also Raghav v. Wolf*, 522 F. Supp. 3d 534, 546 (D. Ariz. 2021) ("It is presumed that a cause of action lies outside the Court's limited jurisdiction and, therefore, the burden of establishing subject matter jurisdiction is on the party bringing suit."); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

Diversity jurisdiction requires "that the parties be in complete diversity," *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003), meaning "all plaintiffs must have citizenship different than all defendants," *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1057 (C.D. Cal. 2012). "[C]orporate citizenship for diversity

purposes is determined both by the corporation's place of incorporation and its principal place of business." *China Basin Properties, Ltd. v. One Pass, Inc.*, 812 F. Supp. 1038, 1040 (N.D. Cal. 1993). On the other hand, "[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

"A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter*, 265 F.3d at 857. A person's domicile is determined at the time the suit is filed and is based on a number of factors, including "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Moreover, "[t]here is a rebuttable presumption that, once established, a person's last known domicile remains their domicile until and 'unless rebutted with sufficient evidence of change.'" *Buscher v. Edelman*, No. CV209680JVSASDX, 2021 WL 969208, at *4 (C.D. Cal. Mar. 4, 2021).

"Under Supreme Court authority, U.S. citizens domiciled abroad are considered 'stateless' for purposes of § 1332(a) and destroy complete diversity." *Marcus v. Alexandria Real Est. Equities, Inc.*, No. 2:21-CV-08088-SB-SK, 2022 WL 2815904, at *3 (C.D. Cal. May 3, 2022) (citing *Newman-Green, Inc.*, 490 U.S. at 828–29; see also *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990) ("United States citizens who are domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state, and § 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties."). Moreover, "if a party is a dual citizen, the Ninth Circuit requires that a court consider only the American citizenship for purposes of determining diversity jurisdiction"; accordingly, dual citizens living abroad are / / /

also considered "stateless" and will destroy complete diversity. *Marcus*, 2022 WL 2815904, at *3.

For diversity purposes, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006). "[W]here an LLC is a member of another LLC, the citizenship of the 'sub-member' LLC is likewise defined by the citizenships of its own members." *19th Cap. Grp., LLC v. 3 GGG's Truck Lines, Inc.*, No. CV 18-2493 PA (RAOX), 2018 WL 6219886, at *2 (C.D. Cal. Apr. 3, 2018). Thus, for one LLC to sue another in federal court on the basis of diversity jurisdiction, the LLCs' members, including the members of any "sub-member" LLCs, must be completely diverse. Moreover, because an LLC's citizenship is determined by the citizenship of its members, it necessarily follows that a "stateless" member renders the LLC "stateless" as well. *See Galaxy Precision Mfg., Inc. v. Grupo Indus. San Abelardo S.A. de C.V.*, No. 21-CV-84, 2022 WL 1908978, at *1 (N.D. Ill. June 3, 2022) (finding no diversity jurisdiction where sole member of defendant LLC was stateless); *Thompson v. Deloitte & Touche LLP*, 503 F. Supp. 2d 1118, 1123 (S.D. Iowa 2007) (finding stateless partner would render limited liability partnership stateless as well); *Bugsby Prop. LLC v. Alexandria Real Est. Equities, Inc.*, No. 19-CV-9290 (VEC), 2020 WL 1974147, at *4 (S.D.N.Y. Apr. 24, 2020) (noting plaintiff LLC's sole member was "stateless" citizen and "would have rendered [plaintiff LLC] a non-diverse party for the purposes of establishing subject matter jurisdiction").

**JURISDICTIONAL FACTS AND EVIDENCE**

**I.   Plaintiff's Citizenship**

Plaintiff Digital Media Solutions, LLC is wholly owned by Digital Media Solutions Holdings, LLC. Response at 3. As such, it is necessary to determine the citizenship of Digital Media Solutions Holdings, LLC's members to assess this Court's subject-matter jurisdiction. *See 19th Cap. Grp., LLC*, 2018 WL 6219886, at *2.

/ / /

/ / /

Digital Media Solutions Holdings, LLC is owned by four entities: Aimtell Holdco, Inc. ("Aimtell"); CEP V DMS US Blocker Co. ("CEP"); Clairvest Group, Inc. ("Clairvest"); and Prism Data, LLC. *See* Response at 3. Aimtell and CEP are corporations incorporated under the laws of the State of Delaware with their principal places of business each in the State of Florida. *Id.* Clairvest is a corporation incorporated under the laws of the Province of Ontario, Canada, with its principal place of business in Ontario, Canada. *Id.* at 4. Prism Data, LLC's members are Joe Marinucci, Fernando Borghese, Matthew Goodman, Jonathan Kat, David Shteif, and Luis Ruelas. *Id.* Mr. Ruelas is a citizen of the State of New Jersey, and the remaining members are citizens of the State of Florida. *Id.* Therefore, Plaintiff Digital Media Solutions, LLC is a citizen of the States of Florida, Delaware, and New Jersey, as well as the foreign state of Canada.

## II.  Defendant's Citizenship

Plaintiff alleges that Defendant's sole member, Stephen Goss, is a citizen of the State of California. *Id.* at 4. In support of this allegation, Plaintiff provides a declaration from Fernando Borghese, the co-founder and Chief Operating Officer of Digital Media Solutions, Inc., and a Statement of Information from the California Secretary of State. *See* Declaration of Fernando Borghese ("Borghese Decl.," ECF No. 8-1); *see also id.* at Ex. 1. Borghese's "information and belief" as to Mr. Goss's citizenship is based entirely on the Statement of Information. *See id.* ¶ 10. The Statement of Information indicates Mr. Goss shares a San Diego address with Zeetogroup, LLC: 925 B Street, Suite 303, San Diego, California 92101 (the "Address"). *See id.* at Ex. 1. The Statement of Information is acknowledged by Mr. Goss and dated March 25, 2022. *Id.* at Ex. 1. According to Plaintiff, the Statement of Information demonstrates that Mr. Goss is a citizen of the State of California; therefore, complete diversity exists because none of Plaintiff's members are citizens of the State of California. *See* Response at 5.

Defendant, on the other hand, claims that diversity jurisdiction does not exist because Mr. Goss is a "stateless alien." Reply at 2. Defendant argues that Plaintiff's assumption regarding Mr. Goss's citizenship is incorrect, as Mr. Goss "has not lived in the

United States since the beginning of the COVID-19 pandemic and is currently residing in Dubai." Declaration of Shayne Cardwell ("Cardwell Decl.," ECF No. 9-1) ¶ 3. "Given the 'stateless alien' status of Mr. Goss, and lack of evidence presented by [Plaintiff], complete diversity does not exist," according to Defendant. Reply at 3.

## ANALYSIS

Here, whether the Court can exercise diversity jurisdiction over the case ultimately depends on Mr. Goss's citizenship, as he is the sole member of Zeetogroup, LLC. Neither Party, however, provides conclusive evidence of Mr. Goss's citizenship.

On the one hand, Plaintiff provides only a Statement of Information from the California Secretary of State, which indicates that Mr. Goss shares a California address with Zeetogroup, LLC, and, for that matter, Zeetogroup, LLC's California agent for service of process purposes. *See* Borghese Decl. at Ex. 1. In its reply, Zeetogroup, LLC describes the address as its principal place of business. Reply at 3. Thus, the address listed does not appear to be a residential address, but rather Zeetogroup, LLC's business address. Without more, this address provides insufficient evidence of Mr. Goss's domicile. *See Webb v. Wilhelm LLC*, No. 221CV01263RGKSHK, 2021 WL 4749786, at *2 (C.D. Cal. Oct. 12, 2021) (noting address listed on Statement of Information for defendant LLC's members, which matched business address for LLC, did not appear to be residential, and was therefore insufficient to establish domicile); *Laurelwood Cleaners, LLC v. Am. Express Co.*, No. CV 20-2973 PA (AGRX), 2020 WL 2318206, at *3 (C.D. Cal. May 11, 2020) (finding insufficient evidence of California domicile where defendants presented only two addresses gleaned from Statement of Information that reflected the street address for plaintiff LLC's principal place of business and mailing address); *Motel Inn, LLC v. 9223-6678 Quebec Inc.*, No. CV 20-8203 PA (MAAX), 2020 WL 8509662, at *1 (C.D. Cal. Sept. 10, 2020) ("[T]he Statement of Information upon which Defendants rely does not even appear to provide information concerning the residence of either of the alleged members of Plaintiff, and instead lists a business address for them that is identical to Plaintiff's corporate address. As a result, Defendants' allegations related to Plaintiff's

citizenship are insufficient to invoke this Court's diversity jurisdiction."). Even if the Court accepts as true Mr. Borghese's declaration on "information and belief" that Mr. Goss is a "resident of the State of California," Borghese Decl. ¶ 10, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter*, 265 F.3d 853, 857; *see also Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011) ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence.").

On the other hand, Defendant provides equally weak evidence regarding the domicile of Mr. Goss. Defendant claims Mr. Goss "resides in Dubai" and is therefore a diversity-destroying "stateless alien." Reply at 3. But Defendant does not state how long Mr. Goss has been living in Dubai or whether he intends to remain there. *See* Reply at 2; *see also Kanter*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."). All that is certain, based on the evidence provided by Defendant, is that Mr. Goss left the United States at some point around the beginning of the Covid-19 pandemic, presumably winter or spring 2020; he has not resided in the United States since; and, at some time after his departure from the United States, he took up residence in Dubai. *See generally* Cardwell Decl. The Cardwell Declaration supporting Defendant's Reply suffers from the same deficiency as the Borghese Declaration supporting Plaintiff's Response, in that it too merely speaks to Mr. Goss's residence. *See* Cardwell Decl. ¶ 3. But "an individual is not necessarily domiciled where he or she resides." *Motel Inn, LLC*, 2020 WL 8509662, at *1. Moreover, "living abroad without intending to live in a specific place does not change one's domicile." *Buscher v. Edelman*, No. CV209680JVSASDX, 2021 WL 969208, at *3 (C.D. Cal. Mar. 4, 2021). In the absence of evidence showing Mr. Goss's intent to remain in Dubai, the Court cannot accurately determine his citizenship.

As neither Party has conclusively established Mr. Goss's citizenship for diversity purposes, the Court must determine which Party bears the burden of proof and, consequently, has failed to meet said burden. Two principles guide this inquiry.

First, "the party asserting diversity jurisdiction bears the burden of proof." *Kanter*, 265 F.3d 853, 857–58 (citing *Lew*, 797 F.2d at 749); *see also McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936) ("In the nature of things, the authorized inquiry is primarily directed to the one who claims that the power of the court should be exerted in his behalf. As he is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is properly in court."); *Raghav*, 522 F. Supp. 3d at 546; *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961) ("[T]he burden of proving federal jurisdiction is upon the party asserting it."). Specifically, "[t]he party asserting diversity jurisdiction must justify her allegations by a preponderance of evidence." *LaVoy v. Morris*, No. 2:13-CV-01008-APG, 2013 WL 6844770, at *3 (D. Nev. Dec. 13, 2013) (citing *McNutt*, 298 U.S. at 189). Here, Plaintiff is asserting the existence of diversity jurisdiction and therefore bears the burden of proof. Plaintiff, however, has provided weak evidence regarding the citizenship of Defendant, while Defendant specifically denies the existence of diversity jurisdiction based on Mr. Goss's alleged status as a "stateless alien."

Second, "[t]here is a rebuttable presumption that, once established, a person's last known domicile remains their domicile until and 'unless rebutted with sufficient evidence of change.'" *Buscher*, 2021 WL 969208, at *4. The problem here, of course, is that Plaintiff has not established a prior domicile for Mr. Goss, so there is no presumption to rebut. *See Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 324 (2d Cir. 2001) ("[A] party seeking to challenge diversity by alleging a change of domicile does not . . . bear the burden of proving that change if the party seeking to establish diversity has not carried its (prior) burden of establishing a specific initial domicile from which the change would be a departure.").

Accordingly, the Court concludes that Plaintiff has failed to demonstrate by a preponderance of evidence that Mr. Goss is a citizen of the State of California as opposed to a "stateless alien." Plaintiff's failure to adequately allege complete diversity renders the Court incapable of exercising diversity jurisdiction here. *See Kanter*, 265 F.3d at 858

("[Defendants'] failure to specify [p]laintiffs' state citizenship was fatal to [d]efendants' assertion of diversity jurisdiction."); *Branon v. Debus*, 289 F. App'x 181, 182 (9th Cir. 2008) (finding the "district court correctly dismissed [plaintiff's] final claim . . . on the ground that [plaintiff] had not met his burden of demonstrating that diversity jurisdiction exists").

**EVIDENTIARY OBJECTIONS**

Plaintiff objects to the admissibility of certain statements contained within the Declaration of Shayne Cardwell, as well as its admissibility in general. Specifically, Plaintiff argues (1) that Cardwell's statement that Stephan Goss is a member of ZeetoGroup, LLC lacks foundation and is an improper legal conclusion; (2) that Cardwell's statements regarding Goss's current residence are inadmissible hearsay and lack personal knowledge and foundation; and (3) that a defect in the oath renders the entire declaration improper. *See generally* Obj.

Plaintiff's first objection is **OVERRULED**. Plaintiff's own response to the Order to Show Cause uses the Statement of Information, which clearly indicates that Stephan Goss is the sole member of ZeetoGroup, LLC. Moreover, Cardwell states he has personal knowledge of ZeetoGroup, LLC's ownership structure as the Chief Revenue Officer, and that Stephan Goss is a member of ZeetoGroup, LLC. Cardwell Decl. ¶ 2. Further, whether Goss is a member of ZeetoGroup, LLC is a question of fact, not law.

Plaintiff's second objection is likewise **OVERRULED**. Even if the Court assumes the statement is hearsay, at the summary-judgment stage, "hearsay evidence produced in an affidavit may be considered . . . if the declarant could later present the evidence through direct testimony." *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003) (citing *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1542 (3d Cir. 1990)). Accordingly, the Court finds Defendant's declaration to be sufficient evidence to support the Reply. Additionally, Cardwell states he has "personal knowledge of the facts contained in [the] declaration." Cardwell Decl. ¶ 1.

///

Finally, Plaintiff's third objection is **OVERRULED**. Cardwell's declaration is made "under penalty of perjury, under the law of The United States of *California*." *See* Cardwell Decl. ¶ 3 (emphasis added). This is clearly a typographical error and does not render the entire declaration inadmissible. *See Lamoureux v. AnazaoHealth Corp.*, No. 3:03CV01382 WIG, 2010 WL 4875870, at *2 (D. Conn. Nov. 18, 2010) ("[U]nder 28 U.S.C. § 1746, an unsworn declaration, which is dated and signed by the declarant 'under penalty of perjury,' and verified as 'true and correct,' may be used in lieu of a sworn affidavit.").

## CONCLUSION

In light of the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.[2] Additionally, the Court **OVERRULES** each of Plaintiff's evidentiary objections. Plaintiff **MAY FILE** an amended complaint within <u>thirty (30) days</u> of the date on which this Order is electronically docketed. Should Plaintiff elect to file an amended complaint, it must cure the deficiencies noted herein and must be complete in itself without reference to Plaintiff's prior Complaint. *See* S.D. Cal. CivLR 15.1. Any claims not realleged in the amended complaint will be considered waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012).

**IT IS SO ORDERED.**

Dated: November 2, 2022

Hon. Janis L. Sammartino
United States District Judge

---

[2] In light of the Court's dismissal of the Complaint, the Court also **DENIES AS MOOT** Defendant's pending Motion for Summary Judgment (ECF No. 6) directed to that pleading. *See, e.g.*, *White v. Indymac Bank, FSB*, No. CV. 09-00571 DAE-KSC, 2011 WL 1483928, at *3 (D. Haw. Apr. 18, 2011) (denying as moot motions for summary judgment after sua sponte dismissing complaint with leave to amend); *Agustin v. Scribner*, No. C 08-4660 PJH (PR), 2010 WL 986632, at *2 (N.D. Cal. Mar. 17, 2010) (after granting motion to dismiss with leave to amend, noting that "[t]he motion for summary judgment, which is directed to the complaint that is dismissed in this order, will be denied as moot.").