Mark E. Ellis - 127159
Omid Shabani - 267447
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA 95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
oshabani@ellislawgrp.com

Attorneys for Plaintiff DIGITAL MEDIA SOLUTIONS, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ZEETOGROUP, LLC,<br><br>    Defendant. | Case No.: 22CV01184 JLS-AHG<br><br>**JOINT DISCOVERY MOTION REGARDING PLAINTIFF'S REQUEST FOR JURISDICTIONAL DISCOVERY**<br><br>[Before Magistrate Judge Allison H. Goddard] |

JOINT DISCOVERY MOTION REGARDING PLAINTIFF'S REQUEST FOR JURISDICTIONAL DISCOVERY
CASE NO: 22CV01184 JLS-AHG

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Plaintiff, Digital Medial Solutions, LLC ("Plaintiff" or "Digital Media Solutions") will and hereby does move the Court for an Order allowing Jurisdictional Discovery, by filing the instant Joint Discovery Motion Regarding Plaintiff's Request for Jurisdictional Discovery (hereinafter, "Joint Motion"), pursuant to the Court's Order, issued after conducting the Discovery Conference on November 9, 2022. ECF. Nos. 19 – 21.

Plaintiff Digital Media Solutions requests that the Court grant its request for jurisdictional discovery, by allowing it to take the deposition of Stephan Goss.

## **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES**

### A. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff seeks to depose Stephan Goss ("Goss"), CEO of ZeetoGroup, LLC ("Defendant" or "Zeeto"), to obtain jurisdictional discovery to aid it in establishing diversity jurisdiction. ECF. No. 21, p. 2:5-8. Zeeto opposes jurisdictional discovery. *Id.*

On 8/12/22, Digital Media Solutions initiated the instant action. ECF. No. 1. Zeeto answered on 9/7 and moved for summary judgment on 9/13. ECF. Nos. 4 & 6.

On 11/15/22, the Court issued an order to Plaintiff to Show Cause as to Subject-Matter Jurisdiction. ECF No. 7. Briefings from both parties ensued. ECF Nos. 8 & 9.

In its "Reply" evidence, Zeeto claimed that Goss is a "stateless citizen" and therefore, the Court allegedly lacked diversity jurisdiction. *See* ECF No. 9, *passim.* & ECF. No. 9-1 (Declaration of Shayne Cardwell ("Cardwell Decl.") ¶¶ 2-3.) This is an argument put forward by Zeeto's Chief Revenue Officer, Mr. Cardwell, <u>not Mr. Goss</u>. While Goss filed a declaration in this case (to support summary judgment), he failed to put forth any evidence as to (1) his citizenship, or (2) intent to return to the forum state. ECF. No. 6-2.

On November 2, 2022, the Court issued an Order, *inter alia,* Dismissing Case ***<u>Without Prejudice</u>*** For Lack of Subject-Matter Jurisdiction. ECF No. 18 (emphasis added). The Court denied Zeeto's motion for summary judgment as moot. *Id.* The Court noted that "[i]n the absence of evidence showing Mr. Goss's intent to remain in Dubai, the Court cannot accurately determine his citizenship." ECF. No. 18, p. 8:24-25. As such, Plaintiff

immediately noticed the deposition of Stephan Goss. *See* Declaration of Omid Shabani ("Shabani Decl.") ¶ 2, **Exhibit ("Exh.") 1**.

Counsel for the parties met and conferred as to jurisdictional discovery and deposition of Mr. Goss. Shabani Decl. ¶ 3. The email chain memorializing the parties' meet and confer is filed concurrently herewith. *Id.* ¶ 4, **Exh. 2**. During the meet and confer, Plaintiff agreed to limit the scope of deposition of Mr. Goss to jurisdictional matters, without waiving any rights to depose Goss as to the merits of the matter, at a later stage. *Id.* ¶ 5. Despite Plaintiff's good faith meet and confer, Defendant took the untenable position that Goss would not submit to any discovery, arguing the case is dismissed. *Id.*

On November 8, 2022, Defendant served its objections to notice of deposition of Stephan Goss, taking the position that "**Mr. Goss will not appear absent a Court order compelling his appearance** …" Shabani Decl., ¶ 6, **Exh. 3** (emphasis added).

On November 9, 2022, at Plaintiff's request, the Honorable Magistrate Judge Allison H. Goddard held a Discovery Conference, wherein the Court issued an Order setting briefing schedule for the instant Joint Motion. ECF. Nos. 19 – 21.

Pursuant to the Court's Order, Plaintiff brings this Joint Motion and moves the Court to permit jurisdictional discovery, including, but not limited to, deposition of Stephan Goss.

## B. LEGAL STANDARD

### 1. "Stateless" Alien

A U.S. citizen who lives abroad permanently is not a "citizen of a State" for diversity purposes. Phillips & Stevenson, *Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions,* Ch. 2C-2; § 2:1162 (Rutter Group 2022). A "stateless citizen" cannot sue or be sued in federal court on the basis of diversity jurisdiction. *Louisiana Mun. Police Employees' Retirement System v. Wynn*, 829 F3d 1048, 1056-1057 (9th Cir. 2016).

### 2. Domicile vs. Residence

A person's domicile is the place he or she resides ***with the intention to remain*** or to which he or she intends to return. Phillips & Stevenson, *supra*, Ch. 2C-3, § 2:1213 (emphasis in original). A person residing in a given state is not necessarily domiciled there

and thus is not necessarily a citizen of that state. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (domicile for adults established by physical presence and **intention to remain**); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

### 3. JURISDICTIONAL DISCOVERY

Generally, a plaintiff may be permitted limited discovery where defendant contests jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008); *Natural Resources Defense Council v. Pena*, 147 F.3d 1012, 1024 (DC Cir. 1998) (jurisdictional discovery should be permitted when allegations indicate its "likely utility.")

Discovery "may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Twentieth Century Fox Intern. Corp. v. Scriba*, 385 Fed.Appx. 651, 652 (9th Cir. 2010) (holding that district court abused its discretion in denying discovery on jurisdictional facts) citing *Boschetto, supra,* 539 F.3d at 1020.

The threshold for granting jurisdictional discovery is low. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003) (concluding that the district court abused its discretion in denying motion for jurisdictional discovery, and that a remand will be necessary to allow the opportunity to develop the record and make a *prima facie* showing of jurisdictional facts.)

The Ninth Circuit has adopted a liberal standard for granting jurisdictional discovery, noting that it should "ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986). Normally, a "colorable basis" for claiming jurisdiction must be established before jurisdictional discovery will be granted. Phillips & Stevenson, *supra*, Ch. 2C-3, § 11:527.11. "Colorable" means "something less than a prima facie showing, and could be equated as requiring the plaintiff to come forward with 'some evidence' tending to establish personal jurisdiction over the defendant." *Id.; Mitan v. Feeney*, 497 F.Supp.2d 1113, 1119 (C.D. CA 2007).

"It is clear that the question of whether to allow discovery is generally within the discretion of the trial judge. However, where pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed." *Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 672–673 (S.D. Cal. 2001) citing *America West Airlines, Inc. v. GPA Group, Ltd.,* 877 F.2d 793, 801 (9th Cir. 1989); *See also Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406 (9th Cir. 1977) (finding that "[d]iscovery ... 'should be granted where pertinent facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the facts is necessary.'") *Id.* at 430, fn. 24; *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1285, fn. 1 (9th Cir. 1977) (same).

In at least once case, the Southern District of California has ruled that a plaintiff is not obligated to make out a "prima facie" case of personal jurisdiction before it can obtain limited jurisdictional discovery, because "[i]t would ... be counterintuitive to require a plaintiff, *prior to* conducting discovery, to meet the same burden that would be required to defeat a motion to dismiss." *Orchid Biosciences, Inc., supra,* 198 F.R.D. at 672–73 (emphasis in original); *see also, eMag Solutions, LLC v. Toda Kogyo Corp.*, 2006 WL 3783548, at *2 (N.D. Cal., Dec. 21, 2006, No. C 02-1611 PJH).

## C. ARGUMENT

The Court should grant Digital Media Solutions' request for jurisdictional discovery to depose Mr. Goss, because Defendant has contested diversity jurisdiction and this deposition is likely to yield relevant jurisdictional facts.

"Here, whether the Court can exercise diversity jurisdiction over the case ultimately depends on Mr. Goss's citizenship …" *See,* ECF No. 18, p. 7:6-7.

The Court noted that Defendant provided "weak evidence regarding the domicile of Mr. Goss. Defendant claims that Mr. Goss 'resides in Dubai' and is therefore a diversity-destroying 'stateless alien.' Reply at 3. But Defendant does not state how long Mr. Goss has been living in Dubai or whether he intends to remain there." ECF No. 18, p. 8:8-11. The Court concluded that "[i]n the absence of evidence showing Mr. Goss's intent to

remain in Dubai, the Court cannot accurately determine his citizenship." *Id.*, p. 8:24-25.

Generally, a plaintiff may be permitted limited discovery where defendant contests jurisdiction. *See Boschetto, supra,* 539 F.3d at 1020; *Natural Resources Defense Council, supra,* 147 F.3d at 1024 (jurisdictional discovery should be permitted when allegations indicate its "likely utility.")

In this case, Digital Media Solutions has stipulated to limit the deposition of Mr. Goss to jurisdictional matters, without waiving its right to depose Mr. Goss as to the merits at a later stage. Shabani Decl. ¶ 5. Therefore, Defendant will not be prejudiced by a limited deposition of Mr. Goss, while, on the other hand, permitting Goss's deposition will enable the Court to rule on a fully developed record. *Twentieth Century Fox Intern. Corp.*, *supra*, 385 Fed.Appx. at 652; *Harris Rutsky & Co. Ins. Servs., Inc.*, *supra,* 328 F.3d at 1135. Similarly, not allowing deposition of Goss will prejudice Plaintiff, by causing dismissal.

Specifically, jurisdictional discovery is appropriate in this case, because: (1) Defendant has contested jurisdiction, *See Boschetto, supra,* 539 F.3d at 1020; *Natural Resources Defense Council, supra,* 147 F.3d at 1024; (2) Defendant has produced weak evidence of Mr. Goss' intent to remain in Dubai, ECF No. 18, p. 8:8-25; (3) Deposition of Goss is likely to yield relevant jurisdictional facts as to Goss's intent, *Mitan, supra,* 497 F.Supp.2d at 1119; (4) Deposition of Goss will yield facts related to his indicia of residency; *See* ECF 18, p. 4:7-14; *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); and (5) Deposition of Goss is likely to yield facts establishing Goss's last known domicile, thus creating a rebuttable presumption that Goss's domicile remains in California, "unless rebutted by sufficient evidence of change." ECF No. 18, p. 4:14-17; *Buscher v. Edelman,* no. CV209680JVSASDX, 2021 WL 969208, at *4 (C.D. Cal. Mar. 4, 2021).

## D. CONCLUSION

Based on the foregoing, Plaintiff Digital Media Solutions respectfully requests that the Court allow jurisdictional discovery by way of deposition of Mr. Goss, because the allegations in this case indicate "likely utility" of taking Goss's deposition in establishing jurisdictional facts. *Natural Resources Defense Council*, *supra,* 147 F.3d at 1024.

## **DEFENDANT'S RESPONSE**

Per this Court's suggestion, ZeetoGroup, LLC ("Zeeto") has offered a short deposition or declaration discussing the jurisdictional dispute in lieu of further motion practice. This offer was **rejected** by Digital Media Solution's counsel without explanation on November 21, 2022. Zeeto requests that a simple declaration be ordered describing Mr. Goss's location and intents. In the alternative, Zeeto requests the deposition be limited to a one hour maximum as the issues which Digital Media Solutions wishes to discover does not require in-depth discovery.

Dated: November 22, 2022

ELLIS LAW GROUP LLP

By: /s/ *Omid Shabani*
Omid Shabani
Attorney for Plaintiff
DIGITAL MEDIA SOLUTIONS, LLC

Dated: November 22, 2022

PHG Law Group

By: /s/ *Jacob Gillick*
Jacob Gillick
Attorney for Plaintiff
ZEETOGROUP, LLC