1
2
3
4
5
6
7
8
9        UNITED STATES DISTRICT COURT
10        SOUTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12  DIGITAL MEDIA SOLUTIONS, LLC, | Case No.:  3:22-cv-01184-JLS-AHG |
| 13                          Plaintiff, | **ORDER:** |
| 14  v. | **(1) RESOLVING JOINT** |
| 15  ZEETOGROUP, LLC, | **DISCOVERY MOTION BY** |
| 16                          Defendant. | **GRANTING IN PART PLAINTIFF'S** |
| 17 | **REQUEST FOR JURISDICTIONAL** |
|    | **DISCOVERY; and** |
| 18 | |
| 19 | **(2) RESETTING DEADLINE FOR** |
| 20 | **PLAINTIFF TO FILE AMENDED** |
|    | **COMPLAINT** |
| 21 | |
|    | **[ECF No. 22]** |
| 22 | |

23        Before the Court is the parties' Joint Discovery Motion Regarding Plaintiff's

24   Request for Jurisdictional Discovery ("Joint Motion"). ECF No. 22. For the reasons

25   explained in more detail below, the Court will **GRANT** Plaintiff's request for jurisdictional

26   discovery **in part** by allowing a limited one-hour deposition of Stephen Goss regarding

27   Mr. Goss's citizenship.

28   \\

1

I.     BACKGROUND

Plaintiff Digital Media Solutions, LLC ("Plaintiff" or "DMS") filed this action against Defendant Zeetogroup, LLC ("Defendant" or "Zeetogroup") in federal court on August 12, 2022. ECF No. 1. The same day, Zeetogroup also filed an action in state court against DMS and related entities, which DMS removed to federal court on September 14, 2022. *See* Case No. 3:22-cv-01396-JLS-AHG, *Zeetogroup, LLC v. Digital Media Solutions, LLC et al.* (S.D. Cal.).

On September 15, 2022, the Court ordered Plaintiff to show cause as to subject-matter jurisdiction, explaining that Plaintiff had invoked federal jurisdiction on the basis of diversity jurisdiction but had failed to identify the citizenship of each individual member of the LLC parties. ECF No. 7. Both parties filed written responses. ECF Nos. 8, 9. Plaintiff contends complete diversity exists because Defendant's sole member, Stephen Goss, is a citizen of the state of California, while none of Plaintiff's members is a citizen of California. ECF No. 8 at 5. Defendant disputes that Mr. Goss is a citizen of California, claiming that he is a "stateless alien" because he "has been living in Dubai[.]" ECF No. 9 at 2. Therefore, Defendant argues there is no basis for this case to be heard in federal court.

On November 2, 2022, after reviewing the parties' responses to its Order to Show Cause, the Court dismissed this case without prejudice for lack of subject-matter jurisdiction. ECF No. 18. Specifically, the Court found that "neither Party has conclusively established Mr. Goss's citizenship for diversity purposes," and because Plaintiff bore the burden to establish that diversity jurisdiction exists and failed to do so, the Court dismissed Plaintiff's Complaint without prejudice but granted Plaintiff leave to file an amended complaint within 30 days. ECF No. 18 at 8-11.

Plaintiff now seeks to compel Mr. Goss to submit to a deposition and moves this Court for an order allowing jurisdictional discovery in order to establish Mr. Goss's citizenship for diversity purposes. ECF No. 22 at 2-6. Although Defendant initially refused to provide any form of jurisdictional discovery, following a Discovery Conference with the Court, Defendant has offered to compromise by providing a "simple declaration" from Mr.

1 | Goss describing his "location and intents." *Id.* at 7. In the alternative, if the Court orders a

2 | deposition of Mr. Goss, Defendant requests that the deposition be limited to one hour

3 | maximum. *Id.* The Court has stayed the deadline for Plaintiff to file an amended complaint

4 | in this case pending resolution of the Joint Motion. ECF No. 21 at 3.

## II. LEGAL STANDARD

Jurisdictional discovery "should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (quoting *Data Disc, Inc. v. Systs. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)).

Although a plaintiff seeking jurisdictional discovery is not required to make "a prima facie showing that jurisdiction actually exists[,]" the plaintiff "'must make at least a colorable showing'" of jurisdiction. *Maple Leaf Adventures Corp. v. Jet Tern Marine Co.*, No. 15-CV-02504-AJB-BGS, 2016 WL 3063956, at *9 (S.D. Cal. Mar. 11, 2016) (quoting *NuboNau, Inc. v. NB Labs, Ltd.*, No. 10cv2631-LAB (BGS), 2011 WL 5237566, at *3 (S.D. Cal. Oct. 31, 2011)). While a "colorable" showing is something less than a prima facie showing, a "mere hunch" that the requested discovery "'might yield jurisdictionally relevant facts' is insufficient." *Maple Leaf*, 2016 WL 3063956, at *9 (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)). *See also Butcher's Union*, 788 F.2d at 540 (affirming the lower court's denial of jurisdictional discovery where the plaintiffs stated "only that they 'believe' discovery will enable them to demonstrate sufficient California business contacts to establish the court's personal jurisdiction.").

## III. DISCUSSION

The Court finds that Plaintiff has not shown that a deposition of Mr. Goss beyond the one-hour maximum limit requested by Defendant is warranted. Plaintiff argues that the Court should permit the requested jurisdictional discovery "because Defendant has contested diversity jurisdiction and this deposition is likely to yield relevant jurisdictional facts." ECF No. 22 at 5. However, this argument obscures the applicable standard, which

1  requires Plaintiff to make a colorable showing of jurisdiction that goes beyond a "mere

2  hunch" that the discovery "might yield jurisdictionally relevant facts." While it is true that

3  jurisdictional discovery should ordinarily be permitted where "pertinent facts bearing on

4  the question of jurisdiction are controverted[,]" Plaintiff's argument that "Defendant has

5  contested diversity jurisdiction" only speaks to the second half of that standard. That is,

6  Plaintiff has not identified what "pertinent facts"—whether contested by Defendant or

7  not—would give rise to diversity jurisdiction in this case.

8        For that reason, the Court finds that Plaintiff is not entitled to jurisdictional discovery

9  beyond the alternative compromise offered by Defendant that Mr. Goss sit for a one-hour

10  deposition limited to questions regarding his citizenship. In reaching this conclusion and

11  ordering a deposition rather than a simple declaration, the Court finds that "a more full and

12  satisfactory showing of the facts is required" before the Court can adequately determine

13  whether diversity jurisdiction exists. *Twentieth Century Fox Int'l Corp. v. Scriba*, 385 F.

14  App'x 651, 653 (9th Cir. 2010). The key pertinent fact bearing on the question of

15  jurisdiction is the fact of Mr. Goss's citizenship, which remains undetermined. The

16  declaration submitted by Defendant's Chief Revenue Officer in its response to the Court's

17  Order to Show Cause indicates that Mr. Goss previously lived somewhere in the United

18  States before the beginning of the COVID-19 pandemic "and is currently residing in

19  Dubai." ECF No. 9-1, Cardwell Decl. ¶ 3. As the Court explained in its Order dismissing

20  Plaintiff's Complaint for lack of subject-matter jurisdiction, although Plaintiff has failed to

21  establish that Mr. Goss is a citizen of California, this evidence from Defendant is "equally

22  weak" to establish the domicile of Mr. Goss in Dubai, because "Defendant does not state

23  how long Mr. Goss has been living in Dubai or whether he intends to remain there." ECF

24  No. 18 at 7. If Mr. Goss was domiciled in California before living in Dubai, and he intends

25  to return to California, he may still be a citizen of California for purposes of diversity

26  jurisdiction. Therefore, Plaintiff may depose Mr. Goss for no longer than one hour to

27  ascertain facts related solely to his citizenship—i.e., where he previously resided in the

28  United States, where he resides now, and where he intends to remain or return.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's request for jurisdictional discovery is **GRANTED in part**. Plaintiff may depose the sole member of Defendant's LLC, Stephen Goss, for a maximum of **one hour** on the record. The deposition shall be limited to the topic of Mr. Goss's citizenship. The parties are instructed to contact the Court at efile_Goddard@casd.uscourts.gov if any further disputes arise regarding Mr. Goss's deposition. Additionally, in accordance with the undersigned's chambers rules, if a dispute arises during the course of the deposition, counsel must meet and confer prior to seeking any ruling from the Court. The parties may call chambers to seek a ruling if meet-and-confer attempts have failed. If the Court is unable to address the dispute immediately, the parties should proceed with other deposition questions if possible while awaiting the Court's ruling.

**IT IS FURTHER ORDERED** that the deposition of Mr. Goss may be taken by remote means pursuant to Fed. R. Civ. P. 30(b)(4). The Court further **WAIVES** the requirement of Fed. R. Civ. P. 30(c)(1) and will permit the Court Reporter recording the deposition to do so remotely.

Finally, the deadline for Plaintiff to file an amended complaint is hereby **RESET** for **January 23, 2023**.

**IT IS SO ORDERED.**

Dated:  December 5, 2022

Honorable Allison H. Goddard
United States Magistrate Judge

3:22-cv-01184-JLS-AHG