Mark E. Ellis – 127159
mellis@ellislawgrp.com
Omid Shabani – 267447
oshabani@ellislawgrp.com
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA 95815
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Plaintiff DIGITAL MEDIA SOLUTIONS, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC<br><br>Plaintiff,<br><br>v.<br><br>ZEETOGROUP, LLC,<br><br>Defendant. | Case No.: 22CV01184 JLS-AHG<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **Breach of Written Contract**<br>2. **Breach of Implied Covenant of Good Faith and Fair Dealing**<br>3. **Unfair Competition Law [Business and Professions Code § 17200 *et seq.*]**<br><br>**AND DEMAND FOR JURY TRIAL** |

Plaintiff, DIGITAL MEDIA SOLUTIONS, LLC ("DMS" or "Plaintiff") alleges against defendant ZEETOGROUP, LLC, ("Defendant") as follows:

## THE PARTIES

1. Plaintiff DIGITAL MEDIA SOLUTIONS, LLC ("DMS") is, and at all relevant times referenced herein was, a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Clearwater, Florida. The organizational structure and members of DMS are as follows:

    a. DMS is, and at all times relevant herein was, wholly owned by Digital

- 1 -

FIRST AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL
CASE NO. 22CV01184 JLS-AHG
00001

Media Solutions Holdings, LLC.

      b.     Digital Media Solutions Holdings, LLC is, and at all times relevant herein was, owned by the following entities: (1) Aimtell Holdco, Inc., (2) CEP VDMS US Blocker Company, (3) Clairvest Group, Inc., and (4) Prism Data, LLC.

      c.     Aimtell Holdco, Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Florida. Aimtell Holdco, Inc. is, and al all times relevant herein was, wholly owned by Digital Media Solutions, Inc.

      d.     CEP VDMS US Blocker Company is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Florida. CEP VDMS US Blocker Company is, and at all times relevant herein was, wholly owned by Digital Media Solutions, Inc.

      e.     Clairvest Group, Inc. is, and at all times relevant herein was, a publicly traded company incorporated under the laws of the Province of Ontario with its principal place of business in Ontario, Canada.

      f.     Prism Data, LLC is, and at all times relevant herein was, a limited liability company, organized under the laws of the State of Delaware with its headquarters in Clearwater, Florida. The members of Prism Data, LLC are Joe Marinucci, Fernando Borghese, Matthew Goodman, Jonathan Katz, David Shteif, and Luis Ruelas.

      g.     Joe Marinucci is, and at all times relevant herein was, a citizen of the State of Florida.

      h.     Fernando Borghese is, and at all times relevant herein was, a citizen of the State of Florida.

      i.     Matthew Goodman is, and at all times relevant herein was, a citizen of the State of Florida.

      j.     Jonathan Katz is, and at all times relevant herein was, a citizen of the State of Florida.

      k.     David Shteif is, and at all times relevant herein was, a citizen of the

State of Florida.

1. Luis Ruelas is, and at all times relevant herein was, a citizen of the State of New Jersey.

2. Defendant ZEETOGROUP, LLC ("Zeeto") is, and at all relevant times referenced herein was, a limited liability company organized under the laws of the State of Delaware with its principal place of business in San Diego, California, whose members include Stephan Goss and Shayne Cardwell. The citizenship of the members of Zeeto is as follows:

    a. Stephan Goss is, and at all times relevant herein was, a citizen of the State of California. Prior to June 10, 2020, Stephan Goss was domiciled and residing in San Diego, California. After his departure from San Diego on or about June 10, 2020, Mr. Goss has not established a new domicile, and remains a citizen of the State of California.

    b. Shayne Cardwell is, and at all times relevant herein was, a citizen of the State of California, domiciled and residing in San Diego, California.

    c. Plaintiff is informed and believes, and thereupon alleges that all members of Zeeto are citizens of the State of California.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court over the subject matter of this action is predicated on 28 USC § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Personal jurisdiction is proper in this Court. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1391(c).

## GENERAL ALLEGATIONS

5. Plaintiff is a provider of technology-enabled digital performance advertising solutions connecting consumers and advertisers within auto, home, health, and life insurance, plus a long list of top consumer verticals.

6. Defendant Zeeto owns and operates the Zeeto Ad Network ("ZAN"), where

- 3 -

advertisers and publishers can go to place their advertisements and general leads. Upon information and belief, Zeeto also creates and runs campaigns for specific advertisers.

7. On or about August 23, 2018, DMS and Zeeto entered into a written contract ("Agreement"), whereby the parties agreed that DMS would manage its general consumer website using Zeeto ad-serving technology. All DMS traffic to these websites in-turn generated leads through the Zeeto platform.

8. Zeeto and DMS agreed to share revenue earned through Zeeto's monetization of DMS's traffic. Under the Agreement Zeeto promised to pay DMS on a net 30 basis. Specifically, provision number 4 of the Agreement, entitled "Payment" states, in pertinent portion, as follows:

> By agreement to allow Zeeto to monetize your traffic, Zeeto will pay you based on a revenue share of the revenues generated on behalf of Publisher [DMS] by the Zeeto Technology. Zeeto will retain the agreed percentage of the revenue for each calendar month and payment will be made from Zeeto to Publisher [DMS] on a net 30 basis for the remainder of the revenue.

9. After DMS performed under the Agreement for several years without issue, Zeeto unilaterally decided to withhold all payments to DMS for revenue DMS generated using Zeeto's platform between July and September of 2021.

10. Zeeto is refusing to pay DMS $944,176.27 that it owes for revenue DMS generated using Zeeto's platform between July and September of 2021.

11. Zeeto has therefore breached the Agreement and must pay monies owed to DMS in the amount of $944,176.27, plus interest thereon.

## FIRST CAUSE OF ACTION
**(Breach of Written Contract)**
[Cal. Civ. Code § 3300 *et seq.*]

12. Plaintiff realleges and incorporates by reference the allegations set forth in the Paragraphs above, as though fully set forth herein.

13. On or about August 23, 2018, DMS and Zeeto entered into a written contract ("Agreement"), whereby the parties agreed that DMS would manage its general consumer

- 4 -

website using Zeeto ad-serving technology. All DMS traffic to these websites in-turn generated leads through the Zeeto platform. Pursuant to this Agreement, Zeeto and DMS agreed to share revenue earned through Zeeto's monetization of DMS's traffic. Under the Agreement Zeeto promised to pay DMS on a net 30 basis.

14. Plaintiff has at all times performed the terms of the contract in the manner specified by the Agreement.

15. Defendant has failed and refused, and continues to refuse to tender its performance under the contract, in that Zeeto is refusing to pay monies owed to DMS for revenue DMS generated using Zeeto's platform between July and September of 2021.

16. Defendant's failure and refusal to perform its obligations under the contract has damaged plaintiff in the following manner: Plaintiff was damaged in the amount of $944,176.27, owed to it pursuant to the terms of the Agreement.

17. Defendant's failure to perform was the proximate and legal cause of Plaintiff's damages or harm.

## SECOND CAUSE OF ACTION
### (Breach of Implied Duty of Good Faith and Fair Dealing)

18. Plaintiff realleges and incorporates by reference the allegations set forth in the Paragraphs above, as though fully set forth herein.

19. The Agreement between Plaintiff and Defendant included implied covenants that Defendant would perform every obligation contemplated by the Agreement to achieve their purpose, including, but not limited to, profit sharing based on revenues flowing from traffic generated by DMS, which in-turn generate leads.

20. Defendant breached the implied covenant of good faith and fair dealing in the contract by failure to cooperate with Plaintiff. Defendant rejected Plaintiff's performance for improper and invalid reasons.

21. Defendant's breach of the implied covenant of good faith and fair dealing was the legal and proximate cause of Plaintiff's damages.

////

# THIRD CAUSE OF ACTION
## (Unfair Competition Law)
### [Cal. Bus. & Prof. Code § 17200 *et seq.*]

22. Plaintiff hereby incorporates the preceding paragraphs as if stated in full herein.

23. Commencing on a date currently unknown to Plaintiff, Defendant has committed the following acts of unfair competition, as defined by Business and Professions Code section 17200, including, but not limited to:

   a. Refusing to pay DMS $944,176.27 for revenue DMS generated using Zeeto's platform between July and September of 2021;

   b. Breaching the Agreement with DMS;

   c. Breaching the implied covenant of good faith and fair dealing under the contract; and,

   d. Failing or refusing to cooperate with Plaintiff in good faith, including, but not limited to, improperly rejecting Plaintiff's performance for invalid reasons.

24. The acts and practices described above were and are likely to mislead the general public and therefore constitute unfair, fraudulent, and/or misleading within the meaning of Business and Professions Code section 17200.

25. The above acts or practices are a violation of pertinent laws, including, but not limited to, California Civil Code section 3300 *et seq.*, and therefore constitute an unlawful business act or practice within the meaning of Business and Professions Code section 17200. The acts or practices were and are likely to mislead the general public in that the unfair, fraudulent, or unlawful business practices of Defendant is likely to continue and therefore will continue to mislead the public by reliance upon Defendant's agreements, including, but not limited to, Zeeto's terms of services, and as such Defendant's unlawful acts or practices present a continuing threat to the public.

26. As a direct and proximate result of the Defendant's conduct, Defendant has received and continues to receive ill-gotten gains that rightfully belong to the general public, including, but not limited to, consumers of the advertisements, as well as Plaintiff,

- 6 -

FIRST AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL
CASE NO. 22CV01184 JLS-AHG

00006

by virtue of the revenues from traffic generated by DMS using Zeeto's platform, which in-turn generate leads through the Zeeto platform, resulting in ill-gotten gains by Zeeto, which should be disgorged and restored to DMS.

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

### ON THE FIRST AND SECOND CAUSES OF ACTION

1. Compensatory damages in the sum of $944,176.27,
2. Pre- and post-judgment interest at the legal and/or contractual rate, from July 2021;

### ON THE THIRD CAUSE OF ACTION

3. Defendant be ordered to restore or otherwise disgorge to DMS any monies acquired by the acts of unfair competition set forth above pursuant to Business and Professions Code section 17203;

### ON ALL CAUSES OF ACTION

4. Costs of suit;
5. Reasonable attorneys' fees; and,
6. Any further relief that the court may deem just and equitable.

Dated: January 23, 2023

ELLIS LAW GROUP LLP

By /s/ *Omid Shabani*
Omid Shabani
Attorney for Plaintiff
DIGITAL MEDIA SOLUTIONS, LLC

////
////
////
////
////
////
////

## **DEMAND FOR JURY TRIAL**

Plaintiff Digital Media Solutions, LLC hereby demands a jury trial in the above-entitled action.

Dated: January 23, 2023

        ELLIS LAW GROUP LLP

        By */s/ Omid Shabani*
           Omid Shabani
           Attorney for Plaintiff
           DIGITAL MEDIA SOLUTIONS, LLC

# CERTIFICATE OF SERVICE

I, Jennifer Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 1425 River Park Drive, Suite 400, Sacramento, CA 95815.

On January 23, 2023, I served the following document(s) on the parties in the within action:

FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL

| X | **BY E-MAIL TRANSMISSION**: The above-described document(s) will be electronically served through this firm's e-mail system to the e-mail address(es) of the following individual email addresses. The email address has been provided to this firm, and is part of the record for this matter. |
|---|---|

| Jacob A. Gillick<br>PHG Law Group<br>501 W. Broadway<br>Suite 1480<br>San Diego, CA 92101<br>Email: jgillick@phglawgroup.com;<br>Email: lpierce@phglawgroup.com | Attorneys for<br>Defendant Zeetogroup, LLC |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on January 23, 2023.

By. _____
Jennifer Mueller