UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, <br><br>　　　　　　　　　　　Plaintiff, <br><br>v. <br><br>ZEETOGROUP, LLC, <br><br>　　　　　　　　　　　Defendant. | Case No.: 3:22-cv-01184-AHG <br><br>**ORDER GRANTING JOINT MOTION FOR ORDER SETTING BRIEFING SCHEDULE FOR RENEWED SUMMARY JUDGMENT MOTION** <br><br>**[ECF No. 34]** |

On March 9, 2023, the Court issued a Scheduling Order in this matter, requiring the parties to file a joint motion proposing a briefing schedule for Defendant Zeetogroup, LLC ("Defendant") to file a renewed summary judgment motion. ECF No. 33 at 2. As explained in that Order, Defendant previously filed a Motion for Summary Judgment ("MSJ") on September 13, 2022 (ECF No. 6), which was fully briefed on October 27, 2022. *See* ECF Nos. 12, 14. The Court denied Defendant's MSJ as moot when the case was dismissed without prejudice for lack of subject matter jurisdiction. ECF No. 18. However, the Court permitted Plaintiff Digital Media Solutions, LLC ("Plaintiff") to conduct limited jurisdictional discovery regarding the citizenship of Defendant's sole member Stephen Goss, which was the linchpin of the jurisdictional dispute. ECF No. 23. Following Mr.

Goss's deposition, Plaintiff filed an Amended Complaint in this action and responded to the Court's Order to Show Cause in the related action with evidence tending to show that Mr. Goss is a citizen of California for purposes of diversity jurisdiction. Thereafter, Defendant indicated that although it does not concede the issue, it no longer wishes to challenge federal subject matter jurisdiction.

Because the case remains in this Court and federal jurisdiction is not currently in dispute, the Court ruled that it would permit the parties to re-brief Defendant's MSJ. To that end, the Court ordered the parties to submit a joint motion setting forth a proposed briefing schedule for the renewed MSJ. ECF No. 33 at 2. In ruling on the anticipated MSJ, the Court will reevaluate the threshold (and non-waivable) issue of subject matter jurisdiction. *Id.* at 2 n.2.

On March 20, 2023, the parties filed the Joint Motion, in which they state that they are unable to agree on a proposed briefing schedule for Defendant's renewed MSJ. Defendant contends that all the previously filed briefing should be re-filed immediately, and the Court should rule on the MSJ without any discovery, based on its contention that the Court is confined to the four corners of the parties' underlying contract in deciding the MSJ. ECF No. 34 at 2-3. Plaintiff, on the other hand, argues that it should be permitted time to conduct written discovery and necessary depositions before filing an Opposition to the MSJ, and requests a hearing date of July 31, 2023 for the renewed motion. *Id.* at 2.

Upon due consideration, the Court agrees that the parties should conduct further discovery before Plaintiff should be required to file an Opposition to the MSJ. The Court is not persuaded by Defendant's argument that setting the briefing schedule as requested by Plaintiff would allow it a "second bite at the apple" in briefing the MSJ. In Plaintiff's previously filed Opposition, one of its arguments was that Defendant's MSJ was premature because "no discovery has yet taken place to establish the parties' objective beliefs as to their rights and obligations under the contract, their prior courses of conduct and whether in fact fraudulent clicks even exist." ECF No. 12 at 10. Thus, Plaintiff requested that the Court allow it more time "to conduct discovery to obtain facts essential to justify its

opposition" pursuant to Fed. R. Civ. P. 56(d). *Id.* at 16-17. Rule 56(d) provides that in the face of a motion for summary judgment, the non-movant may request that the Court "defer considering the motion" or "allow time to . . . take discovery" if necessary to allow the non-movant to present facts essential to justify its opposition. *Id.* Where, as here, a summary judgment motion "is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any [Rule 56(d)] motion fairly freely." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003). Courts should grant such motions "almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Id.* (quoting *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992)). "Although Rule 56(f) facially gives judges discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition.'" *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).

Here, the Court would have granted Plaintiff's request under Rule 56(d) even upon the so-called "first bite" at the apple. Defendant filed its MSJ only six days after filing its Answer in the case, and before any discovery whatsoever had been taken. Even now, the parties have had very little opportunity to conduct discovery, as the Case Management Conference did not take place until February 17, 2023, and the Scheduling Order was not issued until after the consent process was complete on March 9, 2023. ECF Nos. 28, 33. Under such circumstances, leave under Rule 56(d) to conduct additional discovery before filing an Opposition should be granted fairly freely. *Burlington*, 323 F.3d at 773.

Contrary to Defendant's argument that "discovery is not necessary given the analysis of this Court being confined to the four corners of the contract in dispute[,]" ECF No. 34 at 2-3, Defendant's original summary judgment motion reveals that it relies on evidence

outside the four corners of the contract, e.g., "Anura reports" that purportedly confirm that Plaintiff "ran fraudulent traffic through [Defendant's] properties." *See* ECF No. 6 at 2. Specifically, Defendant's position that it was entitled to withhold payment to Plaintiff under the terms of their agreement is premised on the allegation that Plaintiff violated Section 3(d) of the contract by sending fraudulent traffic through Defendant's advertising network. To support that allegation, Defendant presents evidence from third-party company Anura, which purportedly establishes thousands of instances of fraudulent or "bad" traffic being sent through Defendant's advertising network between July 1 and September 30, 2021. ECF No. 6-1 at 9-10; ECF No. 6-2, Goss Decl., Ex. 3. Defendant argues in its summary judgment motion that "[t]hese instances of fraud gave [Defendant] the authority to not pay [Plaintiff] pursuant to sections three and four of the Agreement." ECF No. 6-1 at 10. Plaintiff does not concede that it sent fraudulent traffic through the advertising network, however. *See* ECF No. 12 at 10. Therefore, the Anura reports constitute evidence outside the four corners of the contract, and Plaintiff is entitled to test Defendant's evidence of fraudulent traffic through discovery.

Additionally, in its summary judgment motion, Defendant relies heavily on its right under the contract to determine what is fraudulent traffic (and whether to withhold payment due to such traffic) in its "sole discretion." *See, e.g.*, ECF No. 6-1 at 10-14. Plaintiff, however, disagrees with Defendant's interpretation of the "sole discretion" term of the parties' agreement to justify withholding payment; indeed, Defendant's interpretation of the contract as giving it the unilateral right to terminate the contract is the basis of Plaintiff's causes of action for breach of the implied covenant of good faith and fair dealing and for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"). *See* ECF No. 12 at 11-16. These causes of action also implicate facts outside of the four corners of the contract, such as whether Defendant acted on its interpretation of the "sole discretion" provision in good faith. *See, e.g.*, *Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 826 P.2d 710, 726 (Cal. 1992) ("The covenant of good faith finds particular application in situations where one party is invested with a discretionary

4

3:22-cv-01184-AHG

power affecting the rights of another. Such power must be exercised in good faith."). The covenant of good faith and fair dealing "has both a subjective and an objective aspect—subjective good faith and objective fair dealing. A party violates the covenant if it subjectively lacks belief in the validity of its act or if its conduct is objectively unreasonable." *Id.* Accordingly, Plaintiff should be permitted to conduct discovery regarding Defendant's subjective good faith before filing its opposition to the MSJ on that claim.

Similarly, the scope of the UCL is broad, defining "unfair competition" to include "any unlawful, unfair or fraudulent business act or practice." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 539 (Cal. 1999) (quoting § 17200). Its coverage is "sweeping," covering business practices "that may be deemed unfair even if not specifically proscribed by some other law. . . . [I]t establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent. In other words, a practice is prohibited as 'unfair' or 'deceptive' even if not 'unlawful' and vice versa." *Id.* (internal quotations and citations omitted). "A cause of action for unfair competition under the UCL may be established independent of any contractual relationship between the parties." *McAdams v. Monier, Inc.*, Cal. Rptr. 3d 704, 714 (Cal. Ct. App. 2010) (internal quotations and citations omitted). The UCL is equitable in nature, providing only for injunctive, restitutionary and related relief, and may proceed in federal court only if the plaintiff has no adequate remedy under the law. *Id.*; *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313-14 (9th Cir. 2022). The statute is thus intended to capture and prohibit unfair business practices that may not fall squarely within any legal cause of action. Therefore, it would be inappropriate to evaluate Plaintiff's UCL claim solely by reference to the four corners of the contract, as such a claim sounds in equity precisely because the Legislature "intended by this sweeping language to permit tribunals to enjoin ongoing wrongful business conduct in whatever context such activity might occur." *Barquis v. Merchants Collection Ass'n*, 496 P.2d 817, 829 (Cal. 1972). *See also Cel-Tech*, 973 P.2d at 539 ("When a scheme is evolved which on its face violates the fundamental rules of honesty

and fair dealing, a court of equity is not impotent to frustrate its consummation because the scheme is an original one") (citation omitted). Plaintiff should be given time to conduct discovery regarding this claim before filing its opposition to Defendant's motion for summary judgment.

For the reasons outlined above, the Court hereby sets the following briefing schedule for Defendant to file its renewed MSJ:

1. Defendant shall file a renewed motion for summary judgment by **July 12, 2023**.
2. Plaintiff's Opposition is due by **July 26, 2023**.
3. Defendant's Reply is due by **August 2, 2023**.
4. The Court sets a hearing on the motion for **August 9, 2023** at **1:30 p.m.** before Magistrate Judge Allison H. Goddard.

Upon review of the briefing, the Court may take the motion under submission without oral argument. If the hearing remains on calendar, it shall take place by videoconference, and the Court will issue a separate order with further instructions.

**IT IS SO ORDERED.**

Dated: March 22, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge

6
3:22-cv-01184-AHG