UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ZEETOGROUP, LLC,<br><br>　　　　　　　　　　　Defendant. | Case No.: 3:22-cv-01184-AHG<br>Case No. 3:22-cv-01396-AHG<br><br>**ORDER CONSOLIDATING RELATED ACTIONS**<br><br>**[ECF No. 36]** |

Before the Court is the parties' Joint Motion for Order Granting Joint Stipulation for Consolidate Cases (ECF No. 36), in which the parties seek consolidation of the present action with the related case *Zeetogroup, LLC v. Digital Media Solutions, LLC et al.*, 3:22-cv-01396-AHG. For the reasons that follow, the Joint Motion will be **GRANTED**.

The parties agree that case numbers 22cv1184 and 22cv1396 should be consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure. Under that Rule, the Court may consolidate two or more actions before it if they "involve a common question of law or fact[.]" Fed. R. Civ. P. 42(a). The Court has "broad discretion under this rule to consolidate cases pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In determining whether

consolidation is warranted, the Court should "weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Here, the Court agrees that consolidation of these two matters is appropriate, as they arise from the same set of facts and share common legal questions regarding the underlying contract between Digital Media Solutions, LLC ("DMS") and Zeetogroup, LLC ("Zeetogroup"), which forms the basis of the claims in both actions. *See* ECF No. 36 at 3 (the parties noting in the Joint Motion that the two cases "raise or otherwise involve common questions of fact and law, including, but not limited to, breach of contract, course of conduct, and damages" and that they "would require the same legal analysis[.]") For that reason, consolidation is appropriate in the interest of judicial convenience and economy.

The parties disagree, however, regarding which action should be the lead case upon consolidation. *See* ECF No. 36 at 2. Zeetogroup maintains that, although the instant action is the low-numbered case, it brought the related case 22cv1396 first in state court below before it was removed to this Court, and that the Court should privilege the case filed first in time "when it comes to consolidation and who has priority." *Id.* (citing *Paxonet Commc'ns, Inc. v. Transwitch Corp.*, 303 F. Supp. 2d 1027, 1029 (N.D. Cal. 2003)). However, *Paxonet* dealt with the "first-to-file" rule, which applies to actions filed and pending in different federal venues. This rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties has already been filed in another district." *Id.* (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982)). In such a context, the Court should give priority, "for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." *Paxonet*, 303 F. Supp. 2d at 1029 (quoting *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993)) (emphasis added). Neither action before the Court was filed in another federal district court, and there is no parallel litigation in a different venue. Therefore, the principle of federal comity embodied

2

3:22-cv-01184-AHG

by the first-to-file rule is inapposite here.

Nonetheless, the Court agrees with Zeetogroup that the Local Rules appear to afford discretion to the Court in determining which action should be the lead case in a consolidated proceeding. *See* CivLR 5.1(i)(3) (governing how copies of documents should be filed with the Court, and providing that in a consolidated proceeding, the original and one copy will be filed in the low-numbered case, "or the lead case *as may be designated by the Court*") (emphasis added). *See also, e.g.*, *Hobbs v. Oppenheimer*, No. CV-22-00290-TUC-JCH, 2023 WL 1929549, at *3 (D. Ariz. Feb. 10, 2023) (determining that the court "has discretion to decide which case is the lead case and which case is the consolidated case" under the applicable District of Arizona Local Rule, and applying the factors set forth in that Rule to determine which should be the lead case).

Although the Court may have discretion here to designate the lead case without respect to the "low-number rule" set forth in Civil Local Rule 40.1, the Court would in any event designate 22cv1184—the instant case—as the lead case in the interest of judicial economy. There is currently a briefing schedule in place for Zeetogroup's renewed motion for summary judgment in this action, which, if granted, would dispose of many if not all of the claims in both proceedings. *See* ECF No. 35. Additionally, the issue of subject matter jurisdiction, which the Court intends to reevaluate in a future order, has been briefed and addressed more fully in this action compared to the related action 22cv1396. *See* ECF Nos. 8, 9, 18, 22, 23 (briefing and order regarding subject matter jurisdiction and related jurisdictional discovery); *see also* ECF No. 35 at 2 (noting that the Court will "reevaluate the threshold (and non-waivable) issue of subject matter jurisdiction" in ruling on the anticipated summary judgment motion).

Accordingly, it is the Court will designate the instant action, Case No. 3:22-cv-01184-AHG, as the lead case in these consolidated proceedings. It is hereby **ORDERED** as follows:

\\

\\

1. The following related actions are **CONSOLIDATED** for all proceedings (the "Consolidated Action"):

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Digital Media Sols. v. Zeetogroup* | 3:22-cv-1184-AHG | 08/12/2022 |
| *Zeetogroup v. Digital Media Sols., et al.* | 3:22-cv-1396-AHG | 09/14/2022[1] |

2. Every pleading filed in the Consolidated Action shall bear the following caption:

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ZEETOGROUP, LLC,<br><br>　　　　　　　　　　Defendant. | Lead Case No.: 3:22-cv-01184-AHG<br><br>(Consolidated with No. 3:22-cv-01396-AHG) |

3. The Court **DESIGNATES** *Digital Media Sols. v. Zeetogroup*, No. 22-cv-1184, as the lead case. All subsequent filings shall occur only in the lead case.

**IT IS SO ORDERED.**

Dated: May 17, 2023

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Honorable Allison H. Goddard
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[1] The filing date is the date the case was removed to this Court.