1  Mark E. Ellis – 127159
   *mellis@ellislawgrp.com*
2  Lawrence K. Iglesias – 303700
   *liglesias@ellislawgrp.com*
3  ELLIS LAW GROUP, LLP
   1425 River Park Drive, Suite 400
4  Sacramento, CA  95815
   Tel: (916) 283-8820
5  Fax: (916) 283-8821

6  Attorneys for Plaintiff DIGITAL MEDIA SOLUTIONS, LLC

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11 DIGITAL MEDIA SOLUTIONS, LLC,        Case No.:  22-cv-01184 AHG
                                        (Consolidated with No. 3:22-cv-01396
12        Plaintiff,                    AHG)

13 v.                                   **PLAINTIFF DIGITAL MEDIA
                                        SOLUTIONS, LLC'S OBJECTIONS
14 ZEETOGROUP, LLC,                     TO DEFENDANT'S EVIDENCE IN
                                        SUPPORT OF ITS MOTION FOR
15        Defendant.                    SUMMARY JUDGMENT**

16                                      *[Declarations of Fernando Borghese and
                                        Lawrence K. Iglesias, and exhibits
17                                      thereto, filed concurrently herewith]*

18                                      **DATE:      August 9, 2023
                                        TIME:      1:30 p.m.
19                                      DEPT:      5A
                                        JUDGE:    Hon. Allison H. Goddard**

20

21        Plaintiff DIGITAL MEDIA SOLUTIONS, LLC hereby objects, pursuant to

22 Federal Rule of Civil Procedure 56(c)(2), to the following evidence presented by

23 moving party Defendant ZEETOGROUP, LLC in connection with its motion for

24 summary judgment, set for hearing on August 9, 2023, before this Court:

25        (1)    Declaration of Stephan Goss in Support of the Motion for Summary

26 Judgment, dated September 8, 2022 (filed July 12, 2023, ECF No. 39-2), page 2,

27 paragraph 7, lines 20-23:

28

- 1 -

> "DMS supplying *__fraudulent__* traffic to ZAN caused direct harm to Zeeto as well as its advertisers thereby putting Zeeto in jeopardy of sullying its reputation which is based on selling high quality advertising space; free of fraudulent traffic." [emphasis added]

Plaintiff objects to this evidence on the grounds that it lacks foundation and lacks personal knowledge. Federal Rule of Evidence ("FRE") 602; *U.S. v. Whittemore,* 776 F.3d 1074, 1082 (9th Cir. 2015) ("Rule 602 requires any witness to have sufficient memory of the events such that she is not forced to 'fill[] the gaps in her memory with hearsay or speculation.' [] Witnesses are not 'permitted to speculate, guess, or voice suspicions.' []." (Internal citations omitted)). This evidence is also objected to on the grounds that it constitutes an improper legal conclusion. Fed. R. Evid. 701-704; *U.S. v. Crawford,* 239 F.3d 1086, 1090 (9th Cir. 2001) (a "lay witness may not…testify as to a legal conclusion, such as the correct interpretation of a contract"); *U.S. v. Bohn*, 622 F.3d 1129, 1138 (9th Cir. 2010) (same); *Evangelista v. Inlandboatmen's Union of Pacific*, 777 F.2d 1390, 1398 n.3 (9th Cir. 1985) (a lay witness may not testify as to a legal conclusion); *Good Shepherd Manor Found. V. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003) (affirming district court's ruling that law professor could not testify to legal conclusions that city's actions violated Fair Housing Amendments Act); *Tolefree v. Swift Transportation Co. Inc*, 2021 WL 2142735, at *4 (E.D. Cal. May 26, 2021) ("[n]onexpert testimony is unhelpful and thus inadmissible if it is mere speculation [or] expresses an opinion of law…") (citing *Crawford, supra,* 239 F.3d at 1090).

 a. Sustained.

 b. Overruled.

(2) Declaration of Stephan Goss in Support of the Motion for Summary Judgment, dated September 8, 2022 (filed July 12, 2023, ECF No. 39-2), page 3, paragraph 11, lines 7-9:

> "Anura is so well trusted in the industry, that DMS itself also used Anura to monitor traffic it was purchasing, clearly showing that Anura is a trusted third party by everyone, even DMS."

Plaintiff objects to this evidence on the ground that it lacks foundation and personal knowledge. Fed. R. Evid. 104, 602; *Whittemore, supra,* 776 F.3d at 1082 ("Rule 602 requires any witness to have sufficient memory of the events such that she is not forced to 'fill[] the gaps in her memory with hearsay or speculation.' [] Witnesses are not 'permitted to speculate, guess, or voice suspicions.' []." (Internal citations omitted)).

a. Sustained.

b. Overruled.

(3)    Declaration of Stephan Goss in Support of the Motion for Summary Judgment, dated September 8, 2022 (filed July 12, 2023, ECF No. 39-2), page 3, paragraph 12, lines 10-11:

> "Attached hereto as Exhibit 2 is an Anura report run from April 1, 2021, through June 30, 2021, of DMS's traffic through the ZAN platform."

Plaintiff objects to this evidence on the grounds that it lacks foundation and lacks personal knowledge. Fed. R. Evid. 602; *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (the Ninth Circuit "has consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment."); *Whittemore, supra,* 776 F.3d at 1082 ("Rule 602 requires any witness to have sufficient memory of the events such that she is not forced to 'fill[] the gaps in her memory with hearsay or speculation.' [] Witnesses are not 'permitted to speculate, guess, or voice suspicions.' []." (Internal citations omitted)).  The evidence is inadmissible hearsay not within a recognized exception. Fed. R. Evid. 801-804; *Bemis v. Edwards,* 45 F.3d 1369, 1373 (9th Cir. 1995) ("[i]n the context of hearsay, the declarant must also have personal knowledge of what she describes.").  The document lacks authentication.  Fed. R. Evid. 901; *Canada, supra,* 831 F.2d at 925; *Beyene vs. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1191 (9th Cir. 1988) (unauthenticated documents cannot be considered in a motion for summary judgment).

a. Sustained.

b. Overruled.

(4)    Declaration of Stephan Goss in Support of the Motion for Summary Judgment, dated September 8, 2022 (filed July 12, 2023, ECF No. 39-2), page 3, paragraph 13, lines 12-13:

> "Attached hereto as Exhibit 3 is an Anura report run from July 1, 2021, through September 30, 2021."

Plaintiff objects to this evidence on the grounds that it lacks foundation and lacks personal knowledge. Fed. R. Evid. 602; *Canada, supra,* 831 F.2d at 925 (the Ninth Circuit "has consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment."); *Whittemore, supra,* 776 F.3d at 1082 ("Rule 602 requires any witness to have sufficient memory of the events such that she is not forced to 'fill[] the gaps in her memory with hearsay or speculation.' [] Witnesses are not 'permitted to speculate, guess, or voice suspicions.' [].") (Internal citations omitted)).    The evidence is inadmissible hearsay not within a recognized exception. Fed. R. Evid. 801-804; *Bemis, supra,* 45 F.3d at 1373 ("[i]n the context of hearsay, the declarant must also have personal knowledge of what she describes."). The document lacks authentication. Fed. R. Evid. 901; *Canada, supra,* 831 F.2d at 925; *Beyene, supra,* 854 F.2d at 1191 (unauthenticated documents cannot be considered in a motion for summary judgment).

    a.  Sustained.

    b.  Overruled.

(5)    Declaration of Stephan Goss in Support of the Motion for Summary Judgment, dated September 8, 2022 (filed July 12, 2023, ECF No. 39-2), page 3, paragraph 14, lines 14-18:

> "Zeeto does not dispute that DMS sent traffic during the months in question.  However, it used its authority to withhold payments while it investigated ***possible fraud.  Zeeto also does not dispute that if the traffic had been free of fraud (as determined by Zeeto), then Zeeto would owe $944,176.27.  Zeeto has discovered fraud and in its own discretion refuses to compensate DMS for fraud.***" [emphasis added]

Plaintiff objects to this evidence on the grounds that it is argumentative and constitutes an improper legal conclusion. Fed. R. Evid. 701-704; *Crawford, supra,* 239 F.3d at 1090 (a "lay witness may not…testify as to a legal conclusion, such as the correct interpretation of a contract"); *Bohn, supra,* 622 F.3d at 1138 (same); *Evangelista, supra,* 777 F.2d at 1398 n.3 (a lay witness may not testify as to a legal conclusion); *Good Shepherd, supra,* 323 F.3d at 564 (7th Cir. 2003) (affirming district court's ruling that law professor could not testify to legal conclusions that city's actions violated Fair Housing Amendments Act); *Tolefree, supra,* 2021 WL 2142735, at *4 ("[n]onexpert testimony is unhelpful and thus inadmissible if it is mere speculation [or] expresses an opinion of law…") (citing *Crawford, supra,* 239 F.3d at 1090).  Plaintiff further objects to this evidence on the grounds that it lacks foundation. Fed. R. Evid. 602; *Whittemore, supra,* 776 F.3d at 1082 ("Rule 602 requires any witness to have sufficient memory of the events such that she is not forced to 'fill[] the gaps in her memory with hearsay or speculation.' [] Witnesses are not 'permitted to speculate, guess, or voice suspicions.' []." (Internal citations omitted)).

    a. Sustained.

    b. Overruled.

(6)    Declaration of Stephan Goss in Support of the Motion for Summary Judgment, dated September 8, 2022 (filed July 12, 2023, ECF No. 39-2), page 4, paragraph 15, lines 1-6:

> "Zeeto is explicitly named by the agreement as to who makes the determination of if there was fraudulent traffic.  Zeeto, in its 'sole discretion' determines if there had been a violation of section 3(d). Zeeto, in its sole discretion, has determined that there was fraudulent traffic and therefore withheld payment during investigation before eventually deciding not to pay for the fraudulent traffic."

Plaintiff objects to this evidence on the grounds that it is argumentative and constitutes an improper legal conclusion. Fed. R. Evid. 701; *Evangelista, supra,* 777 F.2d at 1398 n.3 (a lay witness may not testify as to a legal conclusion); *Good Shepherd, supra,* 323 F.3d at 564 (7th Cir. 2003) (affirming district court's ruling that law professor could

not testify to legal conclusions that city's actions violated Fair Housing Amendments Act). Plaintiff further objects to this evidence on the grounds that it lacks foundation. Fed. R. Evid. 602; *Whittemore, supra,* 776 F.3d at 1082 ("Rule 602 requires any witness to have sufficient memory of the events such that she is not forced to 'fill[] the gaps in her memory with hearsay or speculation.' [] Witnesses are not 'permitted to speculate, guess, or voice suspicions.' [].'' (Internal citations omitted)). Plaintiff also objects to this evidence on the ground that the Agreement is the "Best Evidence" to prove its content and language; not Mr. Goss' interpretation. Fed. R. Evid. 1002.

(7)    Exhibit 2 attached to the Declaration of Stephan Goss:

Plaintiff objects to this evidence on the grounds that it lacks foundation and lacks personal knowledge. Fed. R. Evid. 602; *Canada, supra,* 831 F.2d at 925 (the Ninth Circuit "has consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment."); *Whittemore, supra,* 776 F.3d at 1082 ("Rule 602 requires any witness to have sufficient memory of the events such that she is not forced to 'fill[] the gaps in her memory with hearsay or speculation.' [] Witnesses are not 'permitted to speculate, guess, or voice suspicions.' [].'' (Internal citations omitted)). The evidence is inadmissible hearsay not within a recognized exception. Fed. R. Evid. 801-804; *Bemis, supra,* 45 F.3d at 1373 ("[i]n the context of hearsay, the declarant must also have personal knowledge of what she describes."). The document lacks authentication. Fed. R. Evid. 901; *Canada, supra,* 831 F.2d at 925; *Beyene, supra,* 854 F.2d at 1191 (unauthenticated documents cannot be considered in a motion for summary judgment).

a. Sustained.

b. Overruled.

(8)    Exhibit 3 attached to the Declaration of Stephan Goss:

Plaintiff objects to this evidence on the grounds that it lacks foundation and lacks personal knowledge. Fed. R. Evid. 602; *Canada, supra,* 831 F.2d at 925 (the Ninth Circuit "has consistently held that documents which have not had a proper foundation laid to

- 6 -

authenticate them cannot support a motion for summary judgment."); *Whittemore, supra,* 776 F.3d at 1082 ("Rule 602 requires any witness to have sufficient memory of the events such that she is not forced to 'fill[] the gaps in her memory with hearsay or speculation.' [] Witnesses are not 'permitted to speculate, guess, or voice suspicions.' []." (Internal citations omitted)). The evidence is inadmissible hearsay not within a recognized exception. Fed. R. Evid. 801-804; *Bemis, supra,* 45 F.3d at 1373 ("[i]n the context of hearsay, the declarant must also have personal knowledge of what she describes."). The document lacks authentication. Fed. R. Evid. 901; *Canada, supra,* 831 F.2d at 925; *Beyene, supra,* 854 F.2d at 1191 (unauthenticated documents cannot be considered in a motion for summary judgment).

    a. Sustained.

    b. Overruled.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

(9)    <u>Entire Declaration of Stephan Goss</u>:

Plaintiff objects to admissibility of the entire Declaration of Stephen Goss, on the ground that it does not conform with the requirements of a declaration in lieu of affidavit. 28 U.S.C. § 1746; Fed. R. Civ. Pro. 56(c)(4).  Specifically, the oath under Declaration of Mr. Stephan Goss is not in conformity with the provisions of 28 U.S.C. § 1746, because the oath is "under penalty of perjury under the laws of **The United States of California**…" (Declaration of Stephan Goss, p. 4:7-9 (emphasis added).) This blatant error in the oath renders the entire declaration of Stephan Goss improper and inadmissible, pursuant to 28 U.S.C. § 1746.

a.  Sustained.

b.  Overruled.

Plaintiff will respectfully request the Court at the hearing on the motion to sustain the above objections and to strike the evidence referred to above.

Dated: July 26, 2023

ELLIS LAW GROUP LLP

By */s/  Lawrence K. Iglesias*
Lawrence K. Iglesias
Attorney for Plaintiff
DIGITAL MEDIA SOLUTIONS, LLC

- 8 -