1  Mark E. Ellis – 127159
   mellis@ellislawgrp.com
2  Lawrence K. Iglesias – 303700
   liglesias@ellislawgrp.com
3  ELLIS LAW GROUP, LLP
   1425 River Park Drive, Suite 400
4  Sacramento, CA  95815
   Tel: (916) 283-8820
5  Fax: (916) 283-8821

6  Attorneys for Plaintiff
   DIGITAL MEDIA SOLUTIONS, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZEETOGROUP, LLC,<br><br>Defendants. | Case No. 22-cv-1184-AHG<br>Consolidated with<br>Case No. 22-cv-1396-AHG<br><br>**JOINT MOTION TO HOLD MANDATORY SETTLEMENT CONFERENCE REMOTELY**<br><br>Dept:    4D<br>Judge:  Hon. Janis L. Sammartino |

1

The parties, through their respective attorneys of record, jointly move the court for an order for the Mandatory Settlement Conference currently scheduled for August 24, 2023, at 9:00 a.m. to be held remotely. The parties hereby make this application on the following grounds:

1. On August 12, 2022, Digital Media Services ("DMS") filed their Complaint against ZeetoGroup, LLC ("Zeeto").

2. Also on August 12, 2022, Zeeto filed a Complaint against DMS in State Court. On September 14, 2022, DMS removed Zeeto's Complaint to Federal Court.

3. On May 17, 2023, the matters were consolidated in the instant action.

4. On July 12, 2023, Zeeto filed its renewed Motion for Summary Judgment [Dkt. 39]. The motion has been fully briefed and was taken under submission on August 7, 2023.

5. As of the date of the filing of this Joint Motion, the Court has not issued a ruling on Zeeto's Motion for Summary Judgment.

6. On August 9, 2023, the parties jointly moved to continue the Mandatory Settlement Conference [Dkt. 43].

7. On August 10, 2023, the Court issued a Minute Order granting the parties' joint motion to continue, and re-set the Mandatory Settlement Conference to August 24, 2023, at 9:00 a.m.

8. Counsel have met and conferred and agrees that it would be in the best interest of the parties for the Mandatory Settlement Conference to be held remotely if the Court will permit so in its discretion. Holding the Mandatory Settlement Conference remotely would have no adverse ramifications as to the parties' ability to have a meaningful and fruitful Mandatory Settlement Conference, and would significantly reduce the expenditure of the parties' and their respective counsels' time and resources required for travel and lodging from across various parts of the country, including DMS's representative's need to travel from New York to San

Diego to appear in person.

9. Lastly, the parties agree that holding the Mandatory Settlement Conference remotely would not prejudice the parties.

Respectfully submitted,

**PHG Law Group**

Dated: August 14, 2023

*s/ Jacob A. Gillick*
Jacob A. Gillick, Esq.
jgillick@PHGLawGroup.com
Attorneys for Defendant Zeetogroup, LLC

Dated: August 14, 2023

**ELLIS LAW GROUP LLP**

By *s/ Lawrence K. Iglesias*
Lawrence K. Iglesias
Attorney for Plaintiff
DIGITAL MEDIA SOLUTIONS, LLC